## SUPREME COURT.

### DAVID WENTWORTH agt. JOSEPH CANDEE.

On setting aside a *report of referees* as against the weight of evidence, and ordering a new trial, the *costs* are in the *discretion of the court*, and may be ordered to abide the event.

The arbitrary rule which applies to *verdicts* being set aside as against the weight of evidence, and a new trial ordered only *on payment of costs*, does not apply to reports of referees.

*Erie General Term, February,* 1859.
*Present,* GROVER, MARVIN and DAVIS, *Justices.*

AT the last November general term this court reversed the judgment entered on the report of the referee in this case and ordered a new trial, *with costs to abide the event,* on the ground that " the report of the referee was contrary to and against the weight of evidence in the case."

The plaintiff now moves for a modification of the rule reversing the judgment, by striking out the direction as to costs and inserting " on payment of costs by defendant."

DYER TILLINGHAST, *for plaintiff.*
A. P. NICHOLS, *for defendant.*

By the court—DAVIS, Justice. The counsel for the plaintiff relies, in support of his motion, upon the general rule, that

where the verdict of a jury is against the weight of or contrary to evidence, it will be set aside only on payment of costs by the moving party. That this is the rule is not disputed; but it is insisted that it should not be adhered to in setting aside the report of a referee as contrary to evidence, and that the court should exercise its discretion on the subject of costs with regard to the peculiar circumstances of each case.

No case is cited, nor is any authority shown demanding the application of the same general rule, on this subject, to verdicts of juries and reports of referees; and, although there is a strong analogy between them and they are in many respects to be reviewed upon similar principles, we are, nevertheless, of opinion that it should not be regarded as a matter of course, to award costs on reversing the judgment entered on the report of a referee on the ground that is against evidence. The Code leaves the court to the exercise of its discretion, and no arbitrary rule (as in the case of *verdicts*) has been established by practice, trammelling this discretion or so governing its exercise as virtually to nullify it. I have been able to find no case before the Code, nor indeed since, where the point has been determined or discussed. The different mode of reviewing the report of referees, that prevailed prior to the Code, may account for the paucity of authority on this subject. It would seem, however, from the cases both before and since the Code, that the courts have not regarded themselves bound to award costs in such a case as a matter of course, as they have done in relation to verdicts. In *Alcard* agt. *Monchon* (1 *Johns. Cases*, 280), the report of referees was set aside "in order to let in new light and have the merits re-examined;" but no provision was made nor is anything said by the court on the subject of costs. In *Smith* agt. *Shanck* (18 *Barb*. 344), this court, sitting at general term for the seventh district, set aside the report of a referee as against evidence, and granted a new trial, with costs to abide the event. The superior court of the city of New-York, in *Scranton* agt. *Baxter* (4 *Sandford*, 8), set aside the report of a referee as not sustained by the proof, and directed both the costs of the motion and of the

reference to abide the event of a trial by jury. In that case the venerable Chief Justice DUER announces the distinction between verdicts of juries and reports of referees in terms which, *so far as they bear upon the question before us*, we are disposed to approve and adopt. A referee occupies, to the case tried before him, the composite relation of judge and jury. He is to pass upon all the questions, both of law and fact, that arise upon the trial; and in the application of these to each other his position may in many cases be quite as well regarded as that of a court communicating to a jury erroneous instructions as to the law, as of a jury adopting wrong conclusions of fact. A trial before a referee is more analogous to a trial by the court without a jury, than to a jury trial; and the courts have never adopted the practice in such cases of charging with costs the party who succeeds in establishing that the " *decision* " of the court at circuit was against evidence.

On the whole we are of opinion that it is better for the court to hold in its own hands its discretion as to costs in cases like this, to be used as justice may demand, rather than surrender it to an *arbitrary rule*, which destroys its essential power and in effect changes its character.

*The motion is therefore denied.*