FRANCES O'BRIEN, RESPONDENT, *v.* DANIEL LONG, APPELLANT.

*Referee's report and judgment thereon, set aside because of improper conduct of the referee — trial costs and referee's fees should not be imposed as a condition — appeal from an order granting relief.*

A referee's report and the judgment thereon in this action were set aside for the reason that the plaintiff's attorneys were severally appointed referees in three actions, in each of which the referee in this action was an attorney and counsel for one of the parties.

The order setting aside the judgment was granted on condition that the defendant should pay to the plaintiff the costs of the trial, including referee's fees.

*Held*, that while, where the verdict of a jury is set aside for misbehavior or mistake, it is the settled practice that a new trial can only be granted on the condition that the party asking relief pay the costs, yet that this practice is not strictly applicable when the error or mistake complained of has been committed by the judge.

That a trial before a referee is more analogous to the trial before the court without a jury than to a trial by jury, and that, therefore, the condition should not have been imposed in this case.

The terms imposed, on granting to a party the relief to which he is entitled by law and the practice of the court, involve a substantial right, and if either party is dissatisfied with the terms imposed, he may appeal from that part of the order, and it it is the duty of the General Term to determine, for itself, whether the portions of the order appealed from are fair and just and according to law and the rules of practice.

The fact that a party has accepted and acted upon the provisions of an order granting him relief does not prevent his appealing from so much of said order as imposes conditions upon him.

APPEAL by the defendant from portions of an order made at the Monroe Special Term, and entered in Steuben county, setting aside

a referee's report and the judgment entered thereon, on the defendant's motion.

The judgment was in the plaintiff's favor for damages, $381, with costs, the referee's fees being fifty dollars, which were paid by the plaintiff upon delivery of the report.

The report and judgment were set aside for the reason that the plaintiff's attorneys were severally appointed referees in three actions, in each of which the referee herein was attorney and counsel for one of the parties. The order setting aside the judgment was granted on condition that the defendant pay to the plaintiff the costs of the trial, including the referee's fees. The portion of the order imposing terms was appealed from.

*John Griffin*, for the appellant.

*George N. Orcutt*, for the respondent.

Barker, P. J. :

The respondent objects to any review being made by this court of the part of the order appealed from, for the reason that the conditions imposed by the Special Term were discretionary with it, and this court has no power to change or alter the conditions imposed. The right of this court to review orders made by the Special Term in respect to matters resting in the discretion of the court, has been constantly exercised, and the power to do so has been affirmed and sanctioned by the Court of Appeals. (*People* v. *N. Y. Central R. R.*, 29 N. Y., 418; *Livermore* v. *Bainbridge*, 56 id., 72; Code of Civil Pro., § 1347.) The terms imposed on granting relief to a party to which he is entitled by law and the practice of the court involves a substantial right, and if either party is dissatisfied with the terms imposed, he may appeal to this court from that part of the order, and it is the duty of this court to determine for itself whether the portions of the order appealed from are fair and just and according to law and the rules of practice. The determination by this court on the question thus presented by an appeal is the opinion and judgment of the court in which the action is pending. If the order appealed from had been made by another court,'and the terms and conditions thereof rested wholly in the discretion of that court, the

rule, as stated by the respondent, would be applicable, as it has been held by this court that an order made by the County Court, resting in its discretion, cannot be modified or reversed on an appeal therefrom to this court. Such is the rule adopted by the Court of Appeals from judgments and orders made by this court, involving questions of procedure and practice, which rest entirely within its discretion. The defendant makes the further objection that, as the plaintiff has accepted and acted upon the provisions of the order granting him relief, he cannot appeal from the portions of the order with which he is dissatisfied. So much of a Special Term order imposing terms as a condition to granting relief may be reviewed by this court, on appeal, when they are of such a character as to involve a substantial right or are exceptional and unusual and contrary to the common practice of the court. (*Bailey* v. *Park*, 5 Hun, 41.)

The learned judge at Special Term, in imposing the conditions, adopted the rule which prevails when a verdict is set aside for misbehavior or mistake of the jury. When the verdict of a jury is interfered with upon either of the grounds stated, it is the settled practice that a new trial can only be granted on condition that the party asking relief, pay the costs. (*Bailey* v. *Park, supra*, and the cases there cited.) In practice this rule is not strictly applied when the error or mistake complained of has been committed by a judge. The trial before a referee is more analogous to a trial by the court without a jury than to a trial by jury. (*Wentworth* v. *Candee*, 17 How., 405.) The appellant made a clear case for relief. (*Carroll* v. *Lufkins*, 29 Hun, 17.) There is, however, no reason for supposing that the referee was corruptly influenced by the fact that actions in which he was attorney for one of the parties had been referred to the plaintiff's attorneys after he had commenced the trial of this action. The plaintiff himself was wholly ignorant of the occurrence, and the report and judgment were not set aside for any wrong or misbehavior on his part. It appears, however, that while the trial of this action was pending, one of his attorneys consented to act as referee, and heard and determined the matter referred to him, wherein the referee in this case was counsel for one of the parties and neither he or the referee notified the defendant's attorney of the circumstance.

Two other actions, in each of which the referee represented one of the parties, were also referred, during the trial of this action, to the other of the. plaintiff's attorneys. In neglecting to notify the defendant's attorney that these references had been made to them, we think the plaintiff's attorneys were remiss in duty.

Doubtless, thoughtlessly so, but for this reason, we are inclined to modify the order by striking out from the same the words "upon payment by the defendant to the plaintiff of the costs of the trial before the referee, including his fees paid by the plaintiff;" and, as modified, the same is affirmed without costs of this appeal to either party.

HAIGHT, BRADLEY and DWIGHT, JJ., concurred.

That part of the order appealed from reversed, without costs.