## JOHN HUBBELL, APPELLANT, v. JOHN HARBECK, RESPONDENT.

*A justice of the peace, accepting a retainer from and bringing an action in the Supreme Court for one who is a litigant in an action pending in his court, is disqualified to act in his own court.*

In an action in a Justice's Court the justice, who was an attorney at law, two days after the summons was issued accepted a retainer from the plaintiff to bring an action for him in the Supreme Court, which he proceeded to do. It was the first time he had been employed by the plaintiff and he was acting in that capacity when the action in the Justice's Court was tried. The defendant, after issue was joined in the Justice's Court, filed an affidavit, stating these facts, and moved that that action be dismissed. This motion was denied by the justice, who rendered judgment for the plaintiff:

*Held,* that the judgment of the County Court reversing the judgment of the Justice's Court, should be affirmed.

*O Brien* v. *Long* (17 N. Y. S. Rep., 510); *Stebbins* v. *Brown* (65 Barb., 272); *People ex rel. Roe* v. *The Suffolk Common Pleas* (18 Wend., 550) followed.

APPEAL by the plaintiff from a judgment of the Allegany County Court, entered in the office of the clerk of Allegany county on the 18th day of August, 1886, in favor of the defendant, John Harbeck, reversing the judgment of a Justice's Court in favor of the plaintiff.

*S. C. Swift,* for the appellant.

*F. N. Todd,* for the respondent.

DWIGHT, J. :

Two days after he issued the summons in this action the justice, who was an attorney at law, accepted a retainer from the plaintiff to bring an action for him in the Supreme Court and proceeded to do so. It was the first time he had ever been employed as an attorney by the plaintiff. He was acting in that capacity when this action was tried. The defendant having learned of the relation existing between his adversary and the court, after the joining of issue, filed an affidavit of the facts on the adjourned day and asked that the action be dismissed for that reason. The motion was denied and the justice tried and rendered judgment in the action.

It is said that the case showed that the justice was not influenced to the prejudice of the defendant by his relation to the plaintiff,

and so it seems to us on the evidence contained in the return. But in this case the justice not only tried the cause, ruled on questions of law and the admission of evidence, decided the case and made the judgment, but he took the minutes of testimony and made the return. All these functions were performed by one who stood to the plaintiff in the confidential relation of his attorney in another action, upon a retainer which the plaintiff had tendered to him, and he had accepted, after he had assumed the office of judge between the plaintiff and defendant. There *may* have been no corrupt intent in offering the retainer; there probably *was* none in accepting it; but the transaction did not avoid the appearance of evil, and was certain to cause suspicion and distrust, on the part of the defendant, towards the tribunal to which he was compelled to submit his rights.

In *O'Brien* v. *Long*, decided in this court last year (17 N. Y. State Rep., 510), an order setting aside a referee's report was sustained upon facts much less marked than those which characterize this case. There a referee was attorney for one of the parties in two actions which were referred to the attorney for the plaintiff in the action before him. He reported in favor of the plaintiff and the report was set aside, though, as the court said, " there was no reason for supposing that the referee was corruptly influenced by the fact," and the plaintiff himself was wholly ignorant of the relation existing between his attorney and the referee. In this case it was the plaintiff who induced the improper relation by the offer of a retainer to the justice before whom his action was pending.

The case of *Stebbins* v. *Brown* (65 Barb., 272), was precisely like this case except that the judicial officer, who accepted the retainer from one of the parties to a litigation pending before him, was a referee appointed by the Supreme Court; and his report was set aside. We know of no reason why the same rule, in defense of the purity and exemption from suspicion of the judicial office, should not apply to justices of the peace equally with referees.

In the case of the *People ex rel. Roe* v. *The Suffolk Common Pleas* (18 Wend., 550), the action of a justice of the peace was in question, and a writ of *certiorari* to review a judgment rendered by him was quashed because the justice himself drew the affidavit upon which the writ was allowed. Judge BRONSON, in his opinion, says " the act complained of was calculated to impair the confidence of

the opposite party in the impartiality of the officer, which is, of itself, an evil which should be carefully avoided."

We have no hesitation in affirming the judgment of the County Court, which reversed that of the justice on the ground above stated.

All concurred.

Judgment affirmed, with costs.