## COUNTY COURT — ONEIDA COUNTY.

### July, 1923.

## THE PEOPLE v. JAMES IBEY.

#### (121 Misc. 286.)

(1) GRAND LARCENY—WHEN MAGISTRATE "INTERESTED" IN CASE—DISQUALIFICATION.

Defendant upon his plea of guilty to petit larceny upon a charge of the grand larceny of a motor truck, the property of a certain company, was sentenced to six months in the county jail by the magistrate. On appeal from the judgment of conviction it appeared that both the complainant and the police justice were employees of the owner of the truck. Held, that the magistrate was "interested" under section 15 of the Judiciary Law, was, therefore, disqualified, and his proceedings were void.

(2) SAME—PENAL LAW, § 1293-a—INFORMATION—SAME.

Where in the information by which grand larceny under section 1923-a of the Penal Law was intended to be charged, there remains too much of a malicious mischief charge and too little of the essential features of grand larceny, and the only facts alleged are that defendant drove the truck, the value of which was not stated, into the highway without the permission of any official of the company, the judgment of conviction will be reversed.

APPEAL from a conviction upon an alleged plea of guilty to petit larceny from Police Court in the village of Clayville.

*Charles L. DeAngelis, District Attorney,* for respondent.

*Clarence E. Williams,* for appellant.

HAZARD, J.:

It appears upon the arugment of this appeal that on July 2, 1923, information was laid before the police justice charging the defendant with the larceny of a motor truck which was the property of the Clayville Knitting Company. The defendant was arrested upon the charge, and it is claimed pleaded guilty and thereupon received a sentence of six months in the county jail, from which sentence he appealed. Several alleged errors are cited in the appeal papers, but I only regard two as of any controlling importance. The first is this: It appears that the person who made the complaint instituting the criminal proceedings, one George Coffee, and the police justice who presided in the case and passed the sentence, were both employees of the Clayville Knitting Company, the owner of the truck in question. Thus, Coffee, the complaining witness, was coemployee with the magistrate, and both were employees of the corporation whose truck it was alleged defendant had stolen. The claim is made that under such circumstances the magistrate was actually disqualified and his proceedings, therefore, void. The matter is governed by section 15 of the Judiciary Law which provides that " a judge shall not sit as such in, or take any part in the decision of a cause or matter    *    *    * in which he is interested," etc. The question is as to whether the police justice was under the circumstances indicated, " interested " in this case. The section quoted was formerly section 46 of the old Code of Civil Procedure. It has been held that that section applies to civil and criminal cases. (People v. Haas, 105 App. Div. 119; People v. Connor, 142 N. Y. 130.)

It was formerly held that "interested" meant financially interested, and that to disqualify a judge he must have some direct pecuniary interest in the case. The decisions of late have got away from the theory. See both the cases cited above. Also Wilcox v. Royal Arcanum, 210 N. Y. 370. It was said

in People v. Whitridge, No. 2, 144 App. Div. 493, 498:
"The interest which will disqualify a judge to sit in a cause
need not be large, but it must be real; it must be certain and
not merely possible or contingent; it must be one which is
visible, demonstrable and capable of precise proof."

That this case comes within the definitions above, and that
the magistrate was disqualified, I think is established by Hub-
bell v. Harbeck, 54 Hun, 147. In that case, the magistrate, a
justice of the peace, was also a lawyer. A suit was brought
before him, and two days later the plaintiff in that action re-
tained him to bring another action in the Supreme Court. It
was held that by accepting this retainer and employment he
had disqualified himself to act as a magistrate in the Justice
Court action theretofore brought before him. It seems to me
that the circucstances are practically identical. The principle
involved is the very correct one that a magistrate should be
unbiased and free from all influence or suspicion of influence,
and that he should pass upon the matter before him impartially.
That one could do this when the rights of his employer are in-
volved, and when the complaining witness is a coemployee, is
much to be doubted. That there was no question of fact to
try, due to a plea of the defendant, does not signify because
the very important matter of the size and extent of the sentence
was in the hands of this magistrate. I think he must be held
to have been "interested."

The second important error claimed, and I think established,
is that neither the information nor the supporting affidavits set
forth any crime with sufficient directness and certainty to form
the basis of a legal action. An inspection of the original in-
formation which is a part of the return, shows rather clearly
that the draftsman originally intended to charge the crime
of "malicious msichief." Later he seems to have had a change
of mind and erased the words "malicious mischief" and with
a different ink wrote in "grand larceny, first degree." I am
compelled to doubt if the draftsman had made out a sufficient

case of either. Assuming, as we fairly may, that the grand larceny intended to be charged was under section 1293a of the Penal Law, there remains in the paper too much of the malicious mischief charge and too little of the essential features of grand larceny, to constitute a paper upon which any legal action should be predicated. Among other things, there is an utter failure in any of the papers to state the value of the truck in question; and all of the facts alleged are that he " drove same into the highway without the permission of any official of the company."

The other assignments of error do not impress me greatly. I have heard the story recited by this defendant too often before. About every defendant who appeals in a criminal case claims that he did not plead guilty, or did not mean to, and that he was not informed of his " rights." I am willing to take the word of the magistrate that the defendant did plead guilty, and that he was informed of his rights, but I think the magistrate should not have acted; first, because he was not disinterested as required by law, and, second, because the moving papers were not adequate upon which to found a criminal action.

The judgment of conviction must, therefore, be reversed.

Judgment reversed.