# N. Y. COMMON PLEAS.

CHARLES DEVLIN agt. THE MAYOR, etc., and others.

*Referees' fees — disqualification of referee.*

Where one counsel refuses to assent to an agreement for the payment of more than the statutory referee's fees, the only course for the referee is to proceed with the reference at the statutory rate of compensation, or to decline to act.

A referee is disqualified from going on with a reference after having imposed conditions as to fees in excess of those provided by statute, which was assented to by one suitor, but refused by the other (*Reversing S. C., ante,* 64).

*General Term, January,* 1878.

APPEAL from order of Special Term denying motion to substitute new referee in place of Hon. WILLIAM H. LEONARD, who required a stipulation from the parties for the payment of the customary charge of five dollars an hour as referee, instead of the *per diem* allowance of three dollars, without stipulation.

*William O. Bartlett,* for the mayor, &c.

*J. J. Marrin and T. C. Cronin,* opposed.

BY THE COURT.— The statute has fixed the amount of the referee's fees, unless the parties agree to have a larger sum. They did not agree in this case. The counsel for the corporation refused to assent to any agreement for the payment of more than the statutory fees. The only course then

for the referee was to proceed with the reference at the statutory rate of compensation or decline to act. This was not his decision. He decided that he would try the case, and, after it was submitted and his decision prepared, that he would notify the prevailing party, "when he should expect to charge the customary fee of five dollars an hour and five dollars for every adjournment, which he should expect the prevailing party to pay, and should consider himself entitled to hold his report as security until that amount was paid, unless the court should order him to deliver it without such payment."

We are of opinion that he could impose no such conditions. It was placing the counsel of the corporation in a very unpleasant position to require him to go on and try the case with that understanding, after his opponent had agreed, and he had refused to agree, to the rate of compensation above named.

It would not, we feel certain, have in any way affected the decision of the referee, but we are of opinion that a suitor cannot or ought not to be required to go on and try a cause before a referee under such circumstances. In our opinion he has a right, as he may be liable for the payment of the fees, to require that the referee shall act for the compensation fixed by the statute, or that a new referee be appointed. We think, therefore, that the motion should have been granted, and that the court should have appointed another referee. The order appealed from should, therefore, be reversed.