JAMES GALLAGHER, Respondent, *against* THE CHRISTOPHER AND TENTH STREET RAILROAD COMPANY, Appellant.

(Decided January 3d, 1888.)

In an action for wages as a driver or conductor on a horse-car railroad, the defense was a breach of a special agreement made by plaintiff, by which, for a violation of either of the rules requiring plaintiff to register every person getting upon the car and prohibiting him from receiving fare from a passenger, the sum of $15 was to be deducted from his wages then due or to become due, such sum to be considered as liquidated damages and not as a penalty, and a report of detectives of a violation of such rules to be conclusive evidence. *Held*, that such agreement was valid and binding; that a failure to discharge plaintiff immediately upon the alleged breach was no waiver; and that it did not avail plaintiff to deny a breach of such agreement duly reported by two detectives.

APPEAL from a judgment of the District Court in the City of New York for the Fourth Judicial District.

The facts are stated in the opinion.

*C. H. Russell*, for appellant.

*Thos. H. Smith*, for respondent.

PER CURIAM. — [Present, VAN HOESEN and BOOKSTAVER, JJ.] — This action was brought to recover wages as a driver or conductor on defendant's road, from July 31st to August 6th, 1887, amounting to $9.38. The defense was a special agreement with plaintiff, and a breach thereof by

Gallagher *v.* Christopher &c. R. Co.

him, whereby the sum of $15 became due from him to defendant.

The material portions of the contract are as follows:

"Rule 8. Conductors . . . must register every person getting·upon the car."

"Rule 10. No conductor will be permitted to receive a fare from a passenger, directly or indirectly."

And for a violation of either of these rules, it provides that "the sum of $15 shall be deducted from the wages then or thereafter due to him; and it is mutually understood and agreed that the amount so deducted shall belong to the company, as liquidated damages, and not as a fine or penalty or otherwise." And it further provides that a report of detectives of the violation of the foregoing rules shall be conclusive evidence of such violation, and shall bar the conductor of all right to recover the money retained from the wages.

On the trial, it was proved by two detectives that it was a fact, that on the 7th day of July, plaintiff had violated both of the foregoing rules, and they had so reported. By the terms of the agreement, this report was made conclusive on the plaintiff. His denial of the fact, therefore, cannot avail him.

The validity of such a contract has been passed upon by this court, in *Birdsall* v. *Twenty-Third St. R. Co.* (8 Daly 419). And the same case holds that the omission of the company to discharge the conductor immediately upon the discovery of the violation of the rule, was not a waiver of the agreement.

We think that this.case falls within the rule thus laid down, and that the judgment should be reversed and a new trial ordered, with costs of this appeal to the appellant.

Judgment reversed and new trial ordered, with costs.