(3 Misc. Rep. 441.)

GOLDBERGER et al. v. MANHATTAN RY. CO.

(Superior Court of New York City, General Term. May 1, 1893.)

1. REFERENCE—REMOVAL OF REFEREE.
    It is no ground to remove a referee that, in certain proceedings by other parties against defendant, such referee received from defendant his per diem at the end of each month, where it appeared that he was appointed on the nomination of plaintiffs' attorneys, followed by the consent of all parties, and with full knowledge of the facts on which the right of removal is based.

2. SAME—PREJUDICE.
    Nor is it ground for removal that such referee brought suit against one H. for fees in an action prosecuted by the attorneys of plaintiffs, who were also the attorneys of H., since, H. being the prevailing party in such action, and liable for such fees, the referee had the right to invoke the aid of

the court to collect the same, and since the proceedings against H. could furnish no ground for imputing bias or unfriendly relations between plaintiffs' attorneys and the referee.

Appeal from special term.

Action by Henry Goldberger and others against the Manhattan Railway Company. Referees were appointed to try the issues, and plaintiffs moved for the removal of one of them. From an order denying the motion, plaintiffs appeal. Affirmed.

Argued before SEDGWICK, C. J., and FREEDMAN and Mc-ADAM, JJ.

Cannon & Atwater, for appellants.

Davies, Short & Townsend, for respondent.

McADAM, J.   The person sought to be removed is one of three referees appointed by the court, upon consent of the parties to the action, to hear, try, and determine the issues therein.   The referee is a respectable member of the bar.   No charge or insinuation has been made against his general character or ability.   The removal is demanded because, in certain proceedings by other parties against the defendant, he received from them his per diem compensation as referee at the end of each month, and next because he brought an action against one Hirsch to recover his fees as referee in an action prosecuted by the attorneys of the present plaintiffs, who were also the attorneys for Hirsch.   These charges have been elaborated, magnified, and all the changes rung upon them, but they bear satisfactory explanation.   It was apparently assumed, in all the litigations against the elevated roads by abutting owners, that some damages would be recovered, and by general acquiescence the railway company paid monthly, as the trials progressed, the fees which in any event they would have to pay in the end.   While we strongly disapprove the method, as introducing a dangerous feature into the referee system which should be at once discontinued, no one can be heard in complaint thereof who, by acquiescence or otherwise, has consented to such departure from prescribed and more becoming practice.   Morse, Arb. 103; Fox v. Hazelton, 10 Pick. 275. The first objection seems answered by the fact that the referee was appointed on the nomination of the plaintiff's attorneys, followed by the consent of all the parties, and with knowledge of the methods which they now denounce.   Consensus tollit errorem.   The second is answered by the fact that the referee had the legal right to invoke the aid of the courts in collecting his just demands against Hirsch, who was clearly the prevailing party in that action, and liable, as such, for the referee's fees therein.   The proceedings against Hirsch in no manner concerned the plaintiffs herein, did not disqualify the referee from acting in their cause, and furnished no just ground for imputing bias or unfriendly relations between their attorneys and the referee.   The construction placed by said attorneys upon the stipulation as to referee's fees in the Hirsch case is so at variance with the plain import of that document that it is consistent only with an apparent desire on their part to find some

available cause for the referee's removal, when in truth and in fact the real ground of the complaint was that the referee had not awarded Hirsch as large an amount of damages as he and they thought he should have allowed. Referees are judicial officers, charged with a responsible trust. They take the place of the jury as well as of the court, and their finding upon the facts is generally accepted as conclusive. Like jurors or arbitrators, they should be persons entirely unbiased and indifferent between the parties, or their competency to act may in like manner be challenged, and any secret understanding as to receiving fees in advance from one party, (Russ. Arb. 129; Morse, Arb. 536; Redm. Arb. 93,) or any other act of misconduct calculated to bias or influence any one of the referees in his conduct, or to prejudice either party, is generally regarded as ample cause for removal, and for setting aside the award when made. For examples of the stringency of this rule, see Forrest v. Forrest, 3 Bosw. 650; Dorlon v. Lewis, 9 How. Pr. 1; Yale v. Gwinits, 4 How. Pr. 253; Livermore v. Bainbridge, 44 How. Pr. 362, affirmed 47 How. Pr. 354; Marie v. Garrison, 1 How. Pr. (N. S.) 32; Devlin v. Mayor, 7 Daly, 466; Carroll v. Lufkins, 29 Hun, 17; Burrows v. Dickinson, 35 Hun, 492; O'Brien v. Long, 49 Hun, 80, 1 N. Y. Supp. 695. Misconduct or bias upon the part of referees may be of two kinds,—either positive, as by some act that can be directly proved, or inferential, where the circumstances so strongly point to undue influence that the presumption alone will be taken as conclusive. We find no such evidence here. Referees are under the control of the court at all times, and may be removed, in its discretion, for cause shown. Ford v. Ford, 53 Barb. 525. They are not to be summarily removed, however, without some substantial legal ground calling for the exercise of the summary power of discipline, and there is no grievance of that substantial character which calls for judicial interference in this instance. To remove a referee for cause is to impeach him as unworthy of the trust confided,—an injury more damaging to his reputation than any number of references can compensate. In matters of such a delicate nature, fraught with consequences of so far-reaching a tendency, the court should protect its officer when legally right; condemn and remove. him only when at fault, and guilty of misconduct befitting the punishment to be inflicted. The present referee system is open to the objection that the main inducements to accept the office are the emoluments which accompany it in the shape of fees; we must deal with it as it is, not what it ought to be, and might, perhaps, be made by judicious reformatory legislation. The court below appreciated the delicate character of the motion, and treated it with that caution its importance demanded. A careful reading of the voluminous appeal book, in connection with the points discussed, satisfies us that the discretion vested in the court was not abused by the order declining to remove the referee, and that it should be affirmed, with costs. All concur.