### BERNARD v. UNITED LIFE INS. ASS'N.

(Supreme Court, Appellate Term, First Department. May 25, 1896.)

INSURANCE—AGENT OF INSURER OR INSURED—STIPULATION.

Where an application for insurance was taken by an agent who was accustomed to solicit insurance for the insurer, and the agent, without the knowledge or fault of the insured, intentionally inserted false answers to the questions in the application blank, though the questions were answered truthfully by the insured, the acts and knowledge of such agent are imputable to the insurer, though the application contained a stipulation that the agent solicited and took the application as the agent of the insured.

Appeal from city court of New York, general term.

Action by Mary C. Bernard against the United Life Insurance Association on a policy of life insurance. The defense was a

breach of the insured's warranty of the truth of certain answers to material questions propounded in the application on which the policy was issued. From a judgment of the city court affirming a judgment for plaintiff (37 N. Y. Supp. 1143), defendant appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

David Leventritt, for appellant.
Lyman W. Redington, for respondent.

BISCHOFF, J. Upon the trial the plaintiff was permitted, under objection and exception, to show, by parol evidence, that, at the time of signing her application for the policy in suit, the insured communicated the actual facts to the person who solicited and took such application, and that the latter, without the knowledge or fault of the insured, intentionally inserted false answers to the questions propounded in the application blank. It also appeared in evidence that the person who solicited and took such application was, at the time, in the regular employ of the defendant to solicit applications in the furtherance of its business as an insurer. The court denied the defendant's motion for the direction of a verdict in its favor, and directed a verdict for the plaintiff. No request was made to submit any question of fact to the jury. Hence it should be assumed, for the purposes of this appeal, that every fact essential to the recovery, and of which there was any evidence, was found to be extant. Kirtz v. Peck, 113 N. Y. 222, 21 N. E. 130. The case was rightfully disposed of in the court below. "Nullus commodum capere potest de injuria sua propria." Broom, Leg. Max. (8th Am. Ed.) 279.

Upon a former appeal herein (Bernard v. Association, 12 Misc. Rep. 10, 13 N. Y. Supp. 22), the late court of common pleas, reversing a judgment for the defendant, ruled (1) that it was within the scope of the apparent authority of the defendant's agent to fill up the application blank for the signature of the insured and delivery to his principal; (2) that, the facts having been truthfully communicated to such agent by the insured, at the time the latter's application was taken, the defendant was precluded from avoiding its liability, under the policy subsequently issued, upon the claim of a breach of the insured's warranty of the truth of answers which were perverted by the agent without collusion or knowledge on the part of the insured; and (3) that, notwithstanding a stipulation on the part of the insured, contained in the application, in effect to regard the person soliciting and taking the application as her agent, such person, acting at the time under general authority from the defendant, continued to be its agent, and his acts and knowledge were imputable to it.

The first and second of the propositions involved in the ruling just alluded to are in strict accord with the rulings of the highest appellate court. Rowley v. Insurance Co., 4 Abb. Dec. 131, 36 N. Y. 550; Pitney v. Insurance Co., 65 N. Y. 6, 23; Plumb v. Insurance Co., 18 N. Y. 392; Baker v. Insurance Co., 64 N. Y.

648; Miller v. Insurance Co., 107 N. Y. 292, 14 N. E. 271; O'Brien v. Society, 117 N. Y. 310, 22 N. E. 954. See, also, Browne, Par. Ev. p. 106, § 48, and cases there collated. The third is vigorously assailed upon this appeal, by the able and courteous counsel for the defendant, as in conflict with the rulings in the cases cited by him: Insurance Co. v. Fletcher, 117 U. S. 519, 6 Sup. Ct. 837; Ryan v. Insurance Co., 41 Conn. 168; Rohrback v. Insurance Co., 62 N. Y. 47; Alexander v. Same, 66 N. Y. 464; Whited v. Same, 76 N. Y. 415; Allen v. Same, 123 N. Y. 15, 25 N. E. 309. To such last mentioned cases one other might have been added: Hermann v. Insurance Co., 100 N. Y. 411, 3 N. E. 341.

Neither in the Fletcher nor in the Ryan Case was a stipulation such as the one under review before the court. In each of such cases the agency of the solicitor for the insured was unchallenged; the decision, adversely to the person claiming under the policy, being predicated of matter in the insurance contract which unequivocally conveyed notice to the insured of such solicitor's restricted authority as the agent of the insurer. Baumgartel v. Insurance Co., 136 N. Y. 547, 32 N. E. 990; Frankfurter v. Insurance Co., 10 Misc. Rep. 157, 31 N. Y. Supp. 3. Obviously, therefore, if such was not the purport of the stipulation in the case at bar, neither the Fletcher nor the Ryan Case is pertinent to the question under discussion. In the Rohrback Case it was assumed, without argument, that the stipulation comprehended an agent acting in the solicitation and taking of the application for insurance under direct authority from the insurer, and, so far as the report shows, no question was presented to the court with regard to the propriety or reasonableness of such an interpretation of the stipulation. The Alexander Case cites the Rohrback Case, also without discussing any question of interpretation, and, indeed, the decision was independent of any such question, since it was there held that no recovery could be had under the policy, whether the solicitor was the agent of the insurer or the insured; the court distinguishing the case then before it from those cases wherein it appeared that the breach of warranty was occasioned by the act of such agent (Rowley v. Insurance Co., supra), of which last-mentioned class of cases the case at bar affords an illustration. In the Whited Case, again, the decision did not proceed from any interpretation of the stipulation. It there appeared that, subsequent to the stipulation, the insurer, by its course of business, had invested the agent with apparent authority to act for it, upon which apparent authority the insured had relied; and the court held that, assuming the stipulation to be operative upon an agent of the insurer in the matter of soliciting and taking the application for insurance, the insurer was not thereby disabled from afterwards clothing such agent with authority to act for it. The meaning of the stipulation was, therefore, immaterial to the point upon which the case was decided. In the Allen Case the solicitor appeared to have been a mere insurance broker, the court explicitly predicating its decision of the absence of all authority upon his part to represent the insurer; and what was said in the Hermann Case with

regard to the comprehensiveness of the stipulation was clearly obiter dictum.

Thus, we may regard the question of the proper meaning of the stipulation in the case at bar as still an open one in this state. If it is remembered that a corporation cannot act except by its agents, the stipulation under review, when urged in avoidance of the insurer's obligation under circumstances such as are here presented, is so palpably an instrument of duplicity and oppression at the command of the insurer, that, with due regard for the law's repugnance to the imputation of a fraudulent intention upon mere surmise or conjecture, it cannot reasonably be said that the defendant, when it exacted the stipulation from the insured, meant to visit upon her, if she were without fault, the consequences attending the want of integrity in a representative of-its own selection, or that, in thus stipulating, the insured, who could not treat with the defendant otherwise than through some agent appointed by it, so understood the stipulation, and thereby meant to assume responsibility for such agent's misconduct in the defendant's business. Suppose, for the moment, that the insured, while casually at the insurer's office or place of business, was solicited by an executive officer of the corporation to cause her life to be insured, and had signed an application prepared by such officer and containing the same stipulation; would it be said that, by such stipulation, either party to the insurance contract intended to cast upon the insured any responsibility for such officer's misconduct in the preparation of the application for·the insured's signature? And, if not, why not? The officer in the case assumed was no more than an agent employed in the furtherance of his company's business.

An interpretation such as the defendant contends for upon this appeal, it seems to us, can derive support only from an inference that the insurer, by means of the stipulation, intended not only to enable itself to disregard integrity as an essential attribute of its representatives, and with the utmost impunity to employ unscrupulous persons in the furtherance of its own interests, but also to arm itself with a furtive method whereby it might retain and enjoy without risk of any kind, the fruits of its agents' iniquities in the course of their employment. In fairness to the defendant, we should not say that such was its intention if another interpretation of the stipulation is reasonable; and it is questionable that the defendant could lawfully contract in advance for immunity from its agent's frauds. Accordingly, when the question of the proper meaning of the stipulation under review was presented, the courts have held its reasonable interpretation to exclude from the operation of its provisions those who, at the time of soliciting and taking the application for insurance, were acting within the scope of authority previously conferred by the insurer, and whose duties, therefore, were incompatible with the duties resulting from an agency for the insured. 11 Am. & Eng. Enc. Law, 334; Michigan Pipe Co. v. Michigan Fire & Marine Ins. Co. (Mich.) 20 Lawy. Rep. Ann. 277, note; s. c. 52 N. W. 1070; Kister v. Insurance Co. (Pa.

Sup.) 18 Atl. 447; Eilenberger v. Insurance Co., 89 Pa. St. 464; Insurance Co. v. Cooper, 50 Pa. St. 331; Nassauer v. Insurance Co., 109 Pa. St. 507 (where the stipulation was stigmatized as a "dishonest" condition, and as "no part of the contract of insurance"); Kausal v. Association, 31 Minn. 17, 16 N. W. 430; Insurance Co. v. Myers, 55 Miss. 479; Insurance Co. v. Ives, 56 Ill. 402; Insurance Co. v. Hartwell, 123 Ind. 177, 24 N. E. 100; Gans v. Insurance Co., 43 Wis. 108; Insurance Co. v. Pearce, 39 Kan. 396, 18 Pac. 291; Alexander v. Insurance Co., 2 Hun, 655; Insurance Co. v. Cusick, 109 Pa. St. 157; Sullivan v. Insurance Co., 34 Kan. 170, 8 Pac. 112; Boetcher v. Insurance Co., 47 Iowa, 253; Clark v. Insurance Co., 40 N. H. 333; Masters v. Insurance Co., 11 Barb. 624; Bushaw v. Accident Co. (Sup.) 8 N. Y. Supp. 423. With such interpretation we concur.

Moreover, where there is uncertainty as to the exact meaning of words used in an insurance policy, the courts must adopt that interpretation which favors the insured and tends to support the policy. Rickerson v. Insurance Co. (N. Y. Ct. App.; April 28, 1896) 43 N. E. 856.

The material facts upon this appeal in no wise differ from the facts upon the former. Upon the opinion of the court of common pleas, therefore, as well as for the reasons hereinbefore stated, the judgment of the trial and general terms of the court below should be affirmed, with costs.

McADAM, J., concurs.

DALY, P. J. (concurring). The value of such a stipulation as that contained in the policy, by which an agent of the company, acting throughout within the scope of his authority, is nevertheless, by a stipulation in the agreement between the company and its customer, declared to be the agent of the latter, has been lately discussed by the supreme court of this state. Will v. Cable Co., 3 App. Div. 22, 37 N. Y. Supp. 933. That was a case of a telegraphic message, sent to the plaintiffs from the office of the company, by one of its messengers, with instructions to wait for an answer. The answer was intrusted to the messenger, who failed to deliver it at the office promptly. The blank on which it was written contained a condition to the effect that, whenever a message was sent to its office by one of its messengers, the messenger should be deemed the agent of the sender; and the company sought to avoid responsibility for his negligence on that ground. But the court held that the company could not thus exempt itself from the consequences of gross negligence in the use of an instrumentality which itself had furnished. This wholesome doctrine can be readily applied to the case of an insurance company which employs agents to solicit insurance, and yet seeks to shield itself from the misconduct of such persons by incorporating in the application for insurance a stipulation that he shall be deemed the agent of the insured. In the Will Case the liability of the company was put upon the additional ground that the messenger was undoubtedly

the agent of the company, because directed by it to ask and wait for the answer and receive it, and that defendant, in so doing, ignored and waived the rule of which it sought to avail itself. The reason applies as well to the case of an insurance agent authorized by the company to receive applications, and in so doing acting in accordance with his authority.