(18 Misc. Rep. 74.)

### HOWARD v. METROPOLITAN LIFE INS. CO.

(Supreme Court, Appellate Term, First Department. September 28, 1896.)

INSURANCE—CONDITIONS OF POLICY—VALIDITY.

A provision in a policy that proofs of death shall be made on blanks furnished by the company, and that "all the contents of such proofs of death shall be evidence of the facts therein stated in behalf of, but not against, the company," is valid.

Appeal from Sixth district court.

Action by Robert Howard against the Metropolitan Life Insurance Company on two life insurance policies. A judgment in favor of plaintiff was rendered by the justice without a jury, and defendant appeals. Reversed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Bert Hanson, for appellant.

Thomas F. Grady, for respondent.

BISCHOFF, J. This appeal is taken from a judgment awarding to the plaintiff the sums named in two policies of life insurance issued by the defendant upon the life of one Lizzie Howard, the wife of the plaintiff, he being the designated beneficiary. The defendant pleaded a breach of warranty, and claims that this defense was established upon the plaintiff's proofs,—the only evidence adduced at the trial,—and that the justice below erroneously denied the motion for a dismissal of the complaint. By the terms of each of these policies the insured had warranted the truth of a statement that she had never been sick, nor attended by a physician, whereas among the proofs of death, received in evidence at the plaintiff's instance, appeared a declaration by one Dr. Simson that the insured had required his attendance for one month, at a time prior to the date of the policy, when suffering from aneurism of the aorta, from which disorder she afterwards died. Were this evidence unexplained or uncontradicted upon the part of the plaintiff, it would be potent for his defeat, as an admission that there had been a breach of

warranty as claimed; but evidence in contradiction of this statement of the physician appears from a paper subscribed by the plaintiff, and forming a part of the proofs of death admitted in evidence, wherein it is stated that the deceased had never been sick, and had not at any time been attended by a physician. This, at least, would tend to obviate the effect of the contrary admission, and to authorize a finding that no admission had been intended, if the trial court saw fit so to find. Goldschmidt v. Insurance Co., 102 N. Y. 486, 7 N. E. 408. No other evidence in support of the defense was furnished, and but for a condition contained in the second policy, and next to be noticed, we should not be justified in disturbing the judgment. This condition provided as follows:

"Proofs of death, under this policy, shall be made upon blanks furnished by the company. * * * All the contents of such proofs of death shall be evidence of the facts therein stated in behalf of, but not against, the company."

Such a condition is not invalid in its nature, it being competent to the parties to agree as to the effect which a certain form of evidence shall have in determining questions arising between them. See Gallagher v. Railroad Co., 14 Daly, 366. And in the present instance the condition was expressed in the most unmistakable terms. As to this second policy, therefore, the admission of a breach of warranty appears without question, since, but for the favorable statement contained in the proof of loss, the plaintiff adduced no evidence to contradict that admission, and the recovery upon such policy is properly assailed. We may not, however, affirm the judgment as to the first policy, and reverse it as to the second, the action and the recovery having proceeded upon both claims jointly. Canavan v. Stuyvesant, 7 Misc. Rep. 113, 27 N. Y. Supp. 413; Goodsell v. Telegraph Co., 109 N. Y. 147, 16 N. E. 324. And a new trial of the issues arising upon both causes of action must necessarily result, unless the respondent shall abandon the second cause of action.

Judgment reversed and new trial ordered, with costs to appellant to abide the event, unless the respondent shall stipulate, within 20 days after the entry of the order herein, to abandon his second cause of action, in which event the judgment, reduced by the amount of the recovery upon the second policy, is affirmed, without costs. All concur.