(18 Misc. Rep. 444.)

### BOYLAN v. PRUDENTIAL INS. CO. OF AMERICA.

(Supreme Court, Appellate Term, First Department.  November 25, 1896.)

1. LIFE INSURANCE—APPLICATION—ANSWERS FILLED IN BY AGENT.
    A life insurance company, whose agent filled up and signed an application
    for one who neither made nor knew of any representation therein, is estopped
    to assert the falsity of such representations.
2. SAME—HEALTH OF INSURED.
    Where the defense to a life insurance policy is the falsity of the representa-
    tions in the application as to the health of the insured, testimony of his mother

that he was well when the insurance was effected warrants a finding that a contrary admission was not intended by the introduction of a physician's certificate as a proof of death, showing that the insured was in ill health at the time.

Appeal from Ninth district court.

Action by Sarah Boylan, as administratrix of Joseph Boylan, deceased, against the Prudential Insurance Company of America, on an insurance policy. There was a judgment in favor of plaintiff for $98, besides costs, and defendant appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

William O. Campbell, for appellant.

Eugene H. Daly and Matthew Daly, for respondent.

DALY, P. J. In this case two questions of fact arose upon the trial: (1) Was the application for the policy signed by the insured, or was it the act of the company's agent? And (2) was there a false representation in it touching the health of the deceased?

As to the first question, there was very satisfactory evidence that the agent of the insurance company not only filled up the blanks in the application, but signed it in the name of the insured, and that the insured made no declarations whatever, and did not know of any. The case is like Bernard v. Association, 17 Misc. Rep. 115, 39 N. Y. Supp. 356; Id., 12 Misc. Rep. 10, 33 N. Y. Supp. 22,—holding it to be within the scope of the agent's authority to fill up the blank, and that his declarations contained in it, made without the knowledge of the insured, were to be deemed the acts of the company, and estopped it from interposing the falsity of the representations as a defense to the policy.

But, conceding that the application was the application of the insured, and that the plaintiff is bound by it, the only proof of its falsity is contained in the certificate of the physician, presented by the plaintiff among the proofs of death, and put in evidence by her. This will constitute prima facie evidence binding upon the plaintiff as an admission. Hanna v. Insurance Co., 150 N. Y. 526, 44 N. E. 1099; Phillips v. Insurance Co. [Sup.] 9 N. Y. Supp. 836; Howard v. Insurance Co., 41 N. Y. Supp. 33, 18 Misc. Rep. 74. But evidence was admitted tending to contradict the physician's certificate. The mother of the deceased testified, without objection, that her son was not ill at the time the insurance was effected, but was in health. This tended to obviate the effect of the contrary admission in the proofs of death to change or correct the facts appearing to be so admitted, and to raise an issue upon the fact, and was sufficient to authorize a finding, not only that no admission was intended, if the trial court saw fit to so find, but also that the fact was otherwise than as appeared to be admitted by such proofs. Goldschmidt v. Insurance Co., 102 N. Y. 486, 7 N. E. 408; Howard v. Insurance Co.; Hanna v. Insurance Co., supra.

As the justice found for the plaintiff, we must assume that all the questions of fact were resolved by him in her favor. There was no proof of breach of warranty, except as appeared by the plaintiff's admission in the offer of proofs of death containing the physician's cer-

tificate; and, as she testified in contradiction of it, the finding that there was no admission intended, and that the fact was not as stated in the certificate, will not be disturbed.

Judgment affirmed, with costs.     All concur.