### GERLACH v. METROPOLITAN LIFE INS. CO.

(Supreme Court, Appellate Term.   November 24, 1908.)

INSURANCE (§ 292*)—LIFE INSURANCE—POLICY AVOIDED—PREVIOUS MEDICAL ATTENDANCE.

Under a provision in a life policy that the policy should be void if insured before its date had been treated for any serious disease, or had had any disease of the heart, kidneys, etc., and that the proofs of death should be evidence of the facts therein stated, no recovery could be had on the policy where it appeared from the proofs that insured had been previously treated for nephritis, and that delirium tremens and chronic nephritis were, respectively, the primary and secondary causes of the

death; claimant certifying Bright's disease as the cause, and where such evidence was not contradicted.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 691, 692; Dec. Dig. § 292.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Emma Gerlach against the Metropolitan Life Insurance Company. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

Ritch, Woodford, Bovee & Butcher, for appellant.
Kauffman & Hereberg, for respondent.

MacLEAN, J. Among the conditions in the policy of insurance upon which this action is brought is found one which reads:

"Unless otherwise stated in the blank space below in a waiver signed by the secretary, this policy is void if the insured before its date * * * has been attended by a physician for any serious disease or complaint; or has had before said date any pulmonary disease, or chronic bronchitis, or cancer, or disease of the heart, liver or kidneys."

It is also provided therein that the contents of the proofs of death "shall be evidence of the facts therein stated in behalf of, but not against, the company." From the proofs of death introduced in evidence it appears that the insured was attended by a physician in 1905 and 1906, prior to the date of this policy, for nephritis, and that the chief or primary cause of his death was delirium tremens, and the contributing or secondary cause chronic nephritis; the claimant certifying to Bright's disease as the cause of death. This evidence, not contradicted, entitled the defendant to prevail (Kipp v. Metropolitan Life Ins. Co., 41 App. Div. 298, 58 N. Y. Supp. 494; Howard v. Metropolitan Life Ins. Co., 18 Misc. Rep. 74, 41 N. Y. Supp. 33), as there is found in the policy no written waiver of the violated condition, nor does the evidence disclose knowledge of the fact on the part of the defendant upon which to base an estoppel. The judgment should therefore be reversed, and a new trial ordered.

Judgment reversed and new trial ordered, with costs to appellant to abide the event. All concur.