[No. 14479. Department Two. April 30, 1918.]

# Amy L. Askey, *Respondent*, v. New York Life Insurance Company, *Appellant*.[1]

Insurance—Life Insurance—Application—Warranty—Statute—Intent to Deceive. Misrepresentations as to previous illness by an applicant for life insurance will not vitiate the policy, under Rem. Code, § 6059-34, providing that no misrepresentation or warranty in the negotiation of the contract shall be deemed material or defeat the policy, unless it was made with intent to deceive; it being necessary to prove the intent.

Same—Action on Policy—Misrepresentations — Intent to Deceive—Evidence—Admissibility. In an action on a life insurance policy, the death certificate filed by the plaintiff is not proof of any disease suffered by the deceased four or five years prior to death, and while a *prima facie* admission and evidence of statements as to past health, it is not proof of insured's intent to deceive.

Same—Misrepresentations—Intent to Deceive — Question for Jury. Intent to deceive in misrepresenting past illness to be pneumonia when it was tuberculosis, made by an applicant for life insurance, who some time later died of tuberculosis, is a question for the jury, where it appears that insured had gone to California on the advice of a physician, who after a careful examination found no evidence of tubercular trouble, the wife and mother testified that there were no indications thereof, and the agent testified that he had no appearance thereof.

Evidence—Opinions—Nonexperts. Upon an issue as to deceit in misrepresenting past illness of an applicant for insurance who was tubercular, nonexpert evidence of his physical appearance and condition is admissible.

Appeal—Review—Harmless Error. Upon an issue as to deceit in misrepresenting past illness of an applicant for insurance who was tubercular, it is harmless error to admit evidence that the physician examining the insured never imparted to his wife that the insured was tubercular, since it was but negative evidence of slight value.

Insurance—Action on Policy—Misrepresentations—Evidence—Admissibility. In an action on a life insurance policy, upon an issue as to good faith and lack of intent to deceive in misrepresenting a past illness of an applicant for insurance who was tubercular, declarations by the insured, confirming the statements in his appli-

[1]Reported in 172 Pac. 887.

cation that his past trouble was pneumonia, made at a time when he was not contemplating insurance, are admissible, in view of Rem. Code, § 6059-34, making the insured's intent to deceive the controlling question in avoiding a policy because of false statements in the application.

SAME—ACTION ON POLICY—FRAUD—EVIDENCE OF CHARACTER—AD- MISSIBILITY. In an action upon a policy of insurance, defended on the ground of fraud by the insured in making his application, evidence as to the insured's character as to truth and veracity is admissible on the issue as to his intent to deceive.

APPEAL—REVIEW—HARMLESS ERROR. Error cannot be predicated upon the admission of evidence as to communications by a person since deceased, incompetent under Rem. Code, § 1214, where the fact was established by other competent evidence.

Appeal from a judgment of the superior court for King county, Jurey, J., entered May 26, 1917, upon the verdict of a jury rendered in favor of the plaintiff, in an action on a life insurance policy. Affirmed.

*H. T. Granger (Jas. H. McIntosh, of counsel), for appellant.*

*Bausman, Oldham & Goodale, for respondent.*

PER CURIAM.—The respondent, as beneficiary in a policy of insurance issued by the appellant upon the life of her husband, George M. Askey, who died on August 9, 1916, brought suit to recover thereon. The appellant set up as an affirmative defense that the insured made application for insurance on July 30, 1915, and in response to the question, "Have you ever suffered from any ailment or disease of the heart or lungs?" answered that, in 1911, he suffered a severe attack of pneumonia for several weeks from which he had recovered, the only physician consulted by him being Dr. Klamke, of Port Gamble, Washington. To the questions whether he had ever suffered from "disease of the stomach or intestines, liver, kidneys or bladder," and "Have you consulted a physician for any ailment

or disease not included in your above answers," his response was "No." The answer to the complaint then set forth that:

"The defendant further alleges that the said statements in said application were false and were known by the said George M. Askey to be false at the time the said statements were made; that they were material, and that the same were made for the purpose of deceiving and defrauding this defendant in this; that the said Askey stated that he had suffered from the disease of pneumonia in 1911, and that he had not consulted a physician for any ailment or disease not included in said answers, whereas in truth and in fact the said George M. Askey suffered in 1911 and 1912 from the disease of tuberculosis and consulted and was treated by one Dr. Klamke for tuberculosis at that time.

"That had the defendant known that said statements were false it would not have issued the policy sued upon in this cause; that it relied upon said statements and believed the same to be true and was induced thereby to execute and deliver the said policy of life insurance."

The cause was tried to a jury, which returned a verdict for the beneficiary for the amount of the policy, upon which judgment was rendered in favor of the respondent. The insurance company appeals, assigning as errors the insufficiency of the evidence and the improper admission of evidence.

Our statute governing contracts of insurance provides that:

"No oral or written misrepresentation or warranty made in the negotiation of a contract or policy of insurance, by the assured or in his behalf, shall be deemed material or defeat or avoid the policy or prevent it attaching, unless such misrepresentation or warranty is made with the intent to deceive." Rem. Code, § 6059-34.

In the recent case of *Brigham v. Mutual Life Ins. Co.*, 95 Wash. 196, 163 Pac. 380, we held that, under

this statute, the falsity of representations in the application for insurance would not defeat the policy, unless it should be further found that they were made with intent to deceive the insurance company. The affirmative defense set up in this case imposed the burden of establishing such fraudulent intent on the appellant. The evidence shows that the insured, in the latter part of the year 1911, while residing at Port Gamble, Washington, was suffering from some ailment which he represented in his application for insurance as being pneumonia. On the advice of his attending physician, Dr. Klamke, he went to California in January, 1912. He obtained employment there and remained for about one year and a half, returning to Port Gamble, where he intermarried with the respondent in July, 1913. He made application to appellant for insurance on July 30, 1915, being at that date twenty-six years of age. A careful physical examination of him was made by the appellant's medical examiner, who found no indications of tubercular trouble. An analysis of his urine, made at the time, showed indications of albuminuria, and on that account the appellant would not issue a policy unless the applicant agreed that his age for premium purposes be advanced from twenty-six to thirty-nine years, and that he would pay the increased premium exacted for the latter age. The policy as amended to this effect was issued on September 27, 1915.

The insured began to have trouble with his stomach and intestines in February, 1916, and had difficulty in retaining his food. In the latter part of May, 1916, he was operated on for abscess of the appendix. He never regained his health, and died in less than three months after the operation. Among the proofs of death presented to the appellant was the affidavit of Dr. Klamke, in which he stated that he treated the insured for

"Tuberculosis of the lungs—first time in 1912 (1911) —sent him to California," that the immediate cause of his death was "General tuberculosis—lungs—larynx—appendix," for which the insured had consulted him "4 years ago." This affidavit of Dr. Klamke is the only evidence tending to show that the insured had suffered from pulmonary trouble other than pneumonia. If in truth the insured had tuberculosis, there is no evidence showing that he had knowledge of the fact, other than the natural inference that one really suffering from such a disease would probably know it. Dr. Klamke was not called as a witness, and there is no proof that he ever informed his patient that he was suffering with tuberculosis. The death certificate filed by the respondent was not proof of any disease suffered by the insured four or five years prior to death. It constituted an admission by the respondent that the statement in the death certificate was probably true. Such statement constituted *prima facie* evidence which was subject to refutation, and, even allowing it full force to establish the physical condition of the insured, it was not proof of the insured's intent to deceive the company. The weight of authority is that the proof of death of an insured is conclusive only of the fact of death, and is merely *prima facie* evidence of any statements contained as to the past health of the insured. *Spencer v. Citizens' Mut. Life Ins. Co.,* 3 Misc. Rep. 458, 23 N. Y. Supp. 178; *Hancock Mut. Life Ins. Co. v. Dick,* 117 Mich. 518, 76 N. W. 9, 44 L. R. A. 846; *Fidelity Mut. Life Ass'n v. Ficklin,* 74 Md. 172, 21 Atl. 680, 23 Atl. 197; May, Insurance (4th ed.), §§ 460, 465; *Insurance Co. v. Newton,* 22 Wall. (89 U. S.) 32; *Insurance Co. v. Higginbotham,* 95 U. S. 380, 390.

See, also, *Boylan v. Prudential Ins. Co.,* 18 Misc. Rep. 444, 42 N. Y. Supp. 52, where the testimony of the mother of the assured contradicting the physician's

certificate was held admissible as proof of the veracity of health statements in the application for insurance and sufficient to raise an issue upon that fact.

In rebuttal of the inference of George M. Askey's knowledge of his condition raised by the affidavit of Dr. Klamke, there is the testimony of the physician of the insurance company, who made a thorough examination of the insured and found no indications of tubercular trouble. There is also the testimony of the soliciting agent of the insurance company that the applicant had no appearance of consumptive disease and was regarded by him as a good risk. The wife and mother-in-law of the insured also testified that he had no indications of pulmonary trouble. In view of the evidence, it is apparent that the appellant failed to conclusively establish intent to deceive on the part of the insured. Viewing the evidence in the light most favorable to the appellant, it must be held that it presented such a conflict as to raise a question for the jury.

The appellant contends that it was error on the part of the court to admit the testimony of the wife and mother-in-law of the insured as to his physical condition and the absence of indications of tubercular disease. Nonexpert opinion evidence of the physical condition and appearance of an individual is generally held to be admissible. Jones, Blue Book of Evidence, § 360; *Ferguson v. Davis Co.*, 57 Iowa 601, 10 N. W. 906; *Billings v. Metropolitan Life Ins. Co.*, 70 Vt. 477, 41 Atl. 516.

We have held such evidence competent upon the issue of intent in the case of *Goertz v. Continental Life Ins. & Inv. Co.*, 95 Wash. 358, 163 Pac. 938, where the testimony of acquaintances and associates, who had adequate opportunity for observation, was admitted for the purpose of rebutting any presumption of knowledge on the part of the insured that he was suffering at

the time with the disease from which he afterward died.

Objection is also urged against the admissibility of the testimony by the respondent to the effect that Dr. Klamke, at no time prior to her marriage nor the birth of her children, ever imparted to her information that the insured was tubercular. We think such evidence was inadmissible, but constituted nothing more than harmless error, insufficient in the light of the other facts in the case to warrant the granting of a new trial. It was negative evidence of the flimsiest character, neither proving nor disproving any of the issues.

The appellant contends that the court committed prejudicial error in allowing the respondent to testify that the insured told her, just prior to leaving for California on account of his health, that he had pneumonia; that this evidence was clearly hearsay and lacks the elements of *res gestae*.

The respondent contends that, inasmuch as the insured was charged with making false representations as to his physical condition, the declaration was admissible in order to show what he thought was the trouble with him, and hence was evidence addressed to the question of his good faith, and tending to show want of knowledge on his part that he was afflicted with any tubercular disease. The authorities are somewhat at variance upon the question of the admissibility of prior declarations of an insured in an action by his beneficiary, and fine distinctions are made in the admission or rejection of such evidence, each case often being governed by its particular facts.

In Bacon on Life and Accident Insurance (4th ed.), § 636, it is said:

"In an action by the assignee or beneficiary of the policy, declarations and admissions of the assured made at a time prior to and remote from the application, and

2—102 WASH.

disconnected with any act or fact showing his condition of health, are incompetent for the purpose of contradicting the statements made in the application; but if it appear otherwise than by the declarations of assured, that such statements were untrue, then his prior declarations are admissible to show knowledge on his part of the falsity of such answers; and statements made by the assured shortly prior to his application concerning his health, in connection with facts exhibiting his then state of health, are probably admissible upon the question of the truthfulness of the answers made by him in such application.''

While the last clause of the foregoing statement would seem to sustain the contention of respondent, the authorities cited as supporting it are addressed to declarations in contradiction of statements in the application for insurance. In the present case, we are concerned with declarations of the insured confirming his application and testified to by the beneficiary as made directly to herself. They were made at a time when the decedent was not contemplating insurance and when he was suffering from disease. As evidence that the insured at that time was suffering with pneumonia, such testimony should be closely scrutinized, coming as it does from the party in interest. But, bearing in mind that one of the issues is the good faith and lack of intent to deceive on the part of the insured, the question is, should the evidence be admissible for that purpose. While the general rule is that a statement made by the insured in his application for insurance cannot be impeached by evidence of his prior declarations, it is fairly well settled that, where there is substantive evidence of the falsity of such statement, proof of prior declarations is admissible for the purpose of showing knowledge of such falsity. *Dilleber v. Home Life Ins. Co.*, 69 N. Y. 256, 25 Am. Rep. 182; *Rawson v. Milwaukee Mut. Life Ins. Co.*, 115 Wis. 641, 92 N. W.

378; *Union Cent. Life Ins. Co. v. Pollard,* 94 Va. 146, 26 S. E. 421, 64 Am. St. 715, 36 L. R. A. 271; *Haughton v. Aetna Life Ins. Co.,* 165 Ind. 32, 73 N. E. 592, 74 N. E. 613.

If such declarations are admissible for the purpose of showing deceit, they ought, by parity of reasoning, to be admissible to show good faith. This principle is recognized in a Canadian decision, where an insured's declaration, prior to making an application for insurance, stating his age was admitted in evidence for the purpose of showing good faith in the misstatement of his age in the application. *Dillon v. Mutual Reserve Fund Life Ass'n,* 5 Ont. L. R. 434.

The question is one of first impression in this court, and seems to have seldom risen elsewhere. The rule is stated in 4 Chamberlayne, Modern Law of Evidence, § 2683, as follows:

"The nature of the issue in any particular case may render good or bad faith constituently relevant as component parts of the right or liability asserted in the action. If so, not being subject to direct observation, these phases of the mind must, like other psychological facts, be established circumstantially. Among facts which may properly be employed in such a connection are unsworn statements."

And Id., § 2652, states the rule in other language as follows:

"The existence of good faith or its opposite may be proved, in part at least, by extra-judicial statements whenever this fact is relevant. The only effective limits which can be set to the scope of such declarations are those prescribed by probative or deliberative relevancy."

Jones, Blue Book of Evidence, after discussing the relevancy of collateral facts to establish bad faith, adds in § 146:

"But, of course, on the same principle, facts appar-ently collateral may be proved, if they show good faith or prudence or the knowledge or information on which a person has acted when such fact is in issue."

See, also, *Knights of Honor v. Dickson,* 102 Tenn. 255, 52 S. W. 862, where it is said:

"Falsehood may be predicated of a misstatement of fact but not of a mistaken opinion as to whether a man has a disease when it is latent and it can only be a matter of opinion. As to what a person may have died of may be largely, if not altogether, a matter of opinion, about which attending physicians often disagree, and as to such matters their statements made can only be treated as representations and not as warranties; and if made in good faith and on the best information had or obtainable, they will not vitiate a policy if in-correct and not willfully untrue."

This rule is in line with that announced in the cases holding evidence of one's intent in doing an act may be shown by his prior declarations. See *Mutual Life Ins. Co. v. Hillmon,* 145 U. S. 285. Inasmuch as our statute makes the insured's intent to deceive the controlling question in avoiding a policy because of false statements as to health made to the insurer, the question of good faith is a very material one, and we must hold that prior declarations of the insured which tend to show good faith are admissible in evidence.

The appellant contends that the court erred in admitting evidence as to the character of the insured as to truth and veracity. One of the issues was that the insured was guilty of fraud upon the insurance company in making false representations as to his health. An exception to the general rule against this character of testimony in civil actions is allowed where fraud is imputed against a man deceased at the time of trial. *Bowerman v. Bowerman,* 76 Hun 46, 27 N. Y. Supp. 579.

This court has applied the rule under such circumstances in the case of *Rasmusson v. North Coast Fire Ins. Co.*, 83 Wash. 569, 145 Pac. 610, L. R. A. 1915C 1179, declaring such evidence admissible where the defense was that the insured had sworn falsely in making proofs of loss upon a fire insurance policy, and by reason of his death prior to trial the insured was unable to testify in denial of the charge. We think there was no error in the admission of character evidence under the circumstances of this case.

A further contention is made that the court erred in permitting the respondent to testify that her husband told her in February, 1916, that Dr. Klamke informed him he had stomach trouble. The objection is made that this testimony was incompetent, irrelevant and immaterial, and that, under the statute, Rem. Code, § 1214, a wife could not testify to communications made to her by her husband during marriage. Whether or not such testimony was improperly admitted on any ground, its admission was not prejudicial, since there was evidence that the deceased, at the period testified to, did have trouble with his stomach and appendix, undergoing an operation upon the latter organ, and that he continued in a debilitated condition until his death a few months later. The nature of the physical trouble prior to the death of the insured having been proved, any error in the admission of testimony of conversation addressed to that fact was harmless. The effect of this evidence showing death following an operation for appendicitis was to rebut the *prima facie* evidence contained in the proof of death and raise a conflict in the evidence for the determination of the jury.

A careful examination of the record leads us to the conclusion that no prejudicial error occurred in the trial. The judgment is affirmed.