[No. 20882.   Department Two.   February 6, 1928.]

John Lindstrom, *Respondent,* v. Employers Indemnity
Corporation, *Appellant.*[1]

[1] Insurance (10)—Agents—Relation to Insurer and to Applicant. Where an applicant for an insurance policy is not the accredited and legal agent of the company, it is deemed to be the agent of the insured.

[2] Same (78)—Avoidance of Policy for Misrepresentation—Title or Interest of Insured. A statement in an automobile policy that the car was fully paid for and not mortgaged or incumbered is a warranty or misrepresentation within Rem. Comp. Stat., § 7078, which provides that no misrepresentation made in negotiating the contract shall be deemed material or defeat the policy unless made with intent to deceive.

[3] Same (106, 109)—Estoppel or Waiver—Conduct of Agents—Knowledge or Notice. The sole and unconditional ownership clause in an automobile policy is waived by the company where no inquiry is made as to the title, or where upon inquiry truthful answers are given by the applicant.

Appeal from a judgment of the superior court for Grays Harbor county, Campbell, J., entered May 21, 1927, upon the verdict of a jury in favor of the plaintiff, in an action, upon contract. Affirmed.

*Poe, Falknor, Falknor & Emory,* for appellant.

*Parker & Ashman,* for respondent.

Holcomb, J.—In this action, upon a policy of collision insurance issued by appellant to respondent, after a trial to the court and a jury, a verdict and judgment for $550 in favor of respondent were entered.

Upon appeal, the principal question to be decided is the construction to be placed upon a provision contained in the policy sued upon, rendering the policy void in the event that the assured was other than the

[1]Reported in 263 Pac. 953.

unconditional owner of the automobile covered by the policy.

The complaint alleged, in substance, and it was not disputed, that the policy in question was issued by appellant on August 12, 1925, the total premium therefor being $25.20, of which $12.60 was paid upon the issuance of the policy, and the balance to be paid in the event of the happening of any collision within the meaning of the policy. On July 12, 1926, the assured, while operating the automobile covered by the policy, sustained an accidental collision within the meaning of the policy. Due proof of loss was made and served upon appellant, and an investigation made of the collision by appellant's adjuster. Upon investigation, it appeared that respondent was not, at the time of the issuance of the policy nor at any time since then, the unconditional owner of the automobile insured, and appellant declined payment of the collision claim, tendering back to respondent the portion of the premium that had already been paid by him.

In its answer, appellant affirmatively pleaded that the policy contained the following proviso:

"(Mortgages) N. This policy shall be void as to any automobile which shall be mortgaged or in which the interest of the Assured shall be other than unconditional ownership, without notice to the Corporation."

It was further affirmatively pleaded that respondent was not, at the time of the issuance of the policy or at the time of the collision, the unconditional owner of the automobile. It was also pleaded that the "Schedule," attached to and made a part of the policy, contained a false statement or warranty on the part of the insured, which was contained in statement 10 of the schedule, as follows:

"STATEMENT 10: All of the automobiles described above are owned by the Assured, are fully paid for,

and are not mortgaged or encumbered, except as follows: No exceptions.''

It was further affirmatively alleged that the policy was promptly delivered to respondent on or about the day of its issuance, and that he had been in possession of it, or had access to it, at all times thereafter, and had at no time called to appellant's attention the fact that he was not the unconditional owner of the automobile. These affirmative allegations were denied by respondent's reply.

Respondent further, in his reply, alleged that the warranty above referred to was in no way material to the risk, and that at no time had respondent, or any person acting for him, made any untrue statement, representation or warranty to appellant; that, at the time the application was made, appellant was fully apprised of the condition of the title to respondent's automobile, and appellant at no time questioned respondent as to the condition of the title to his car, and that respondent was led to believe that the condition of the title to his car was in no wise material to the risk assumed by appellant.

The evidence at the trial showed that respondent purchased a 1925 Star automobile from the Callison Motor Company on a conditional sales contract, which contract was assigned by the Callison Motor Company to the Commercial Credit Company. Respondent paid the usual down payment, with the balance to be paid in monthly instalments. Shortly after purchasing the car, respondent discovered that there was no collision insurance on it, but only fire and theft insurance. He then applied to one Rundell, at the time sales manager for the Callison Motor Company, asking him to obtain full coverage collision insurance on the car. Rundell ascertained the cost of this insurance from the Rychard Insurance Agency, of Hoquiam, made an oral applica-

tion for such insurance to that agency, and paid the money required as an advance premium to that agency. The application was made orally to a member of the Rychard Insurance Agency. No written application was required.

[1] The Rychard Agency, not being the accredited and legal agent of appellant, is to be deemed the agent of respondent. *Reynolds v. Pacific Marine Ins. Co.,* 105 Wash. 666, 178 Pac. 811; *Day v. St. Paul Fire & Marine Ins. Co.,* 111 Wash. 49, 189 Pac. 95.

There is a conflict in the evidence as to whether or not Rundell informed the Rychard Agency regarding the condition of the title to the automobile, and whether or not any inquiry was made of him regarding the title. It being about a year or more after the application was made that the trial was had, Rundell did not remember just what questions were asked him when he made the application for the insurance, but he testified that he knew the automobile was not fully paid for and that he answered truthfully all questions that were asked him when the application was made. He paid the premium to the Rychard Agency, and, later, the policy was delivered to him, and he retained possession of the same until this suit was instituted. The member of the firm of the Rychard Agency who took the application from Rundell did not testify at the trial. Another member of the firm testified that he heard the conversation between the member who did take the application and Rundell, heard such questions as to ownership asked and answered, and that it was the practice of his firm always to ask the question whether the automobile was fully paid for or not. That situation presented a conflict in the evidence, which was for the jury to weigh as to the weight, credibility and probability thereof. It may be observed that the interest of Rundell would probably be that he procure

a policy providing loss, if any, payable to his company, or his creditor company, as its interest might appear. The policy would have been issued just as readily, for the same premium.

The policy was issued by the Davis Insurance Agency, of Aberdeen. The information for writing the policy was given by the Rychard Insurance Agency by telephone from Hoquiam, and received by a Miss Deering, an employee of the Davis Insurance Agency. From the information she obtained, she herself wrote and, having authority so to do, signed the policy, and when it had been issued delivered it to the Rychard Agency.

She testified by refreshing her memory from certain notes taken over the phone by her from the Rychard Agency. The answers to the statements contained in the schedule, attached to and included in the policy, were filled in by her from such notes. The original policy was never sent to appellant company, to be signed and issued, but a copy thereof was sent. She testified that quite a number of policies were written by the Davis Insurance Agency for the Rychard Agency. The Davis Insurance Agency had no dealing regarding the policy with anyone except the Rychard Insurance Agency.

At the conclusion of respondent's case, appellant moved for a nonsuit on the ground that the testimony showed that the policy was void and had not taken effect because of the assured's conditional interest in the automobile, which motion was denied. Upon conclusion of all the evidence, the motion was renewed, and motion for a directed verdict in favor of appellant was made, which was denied. Motions for judgment n. o. v. and for a new trial were also unsuccessfully made.

Ten errors are assigned by appellant, based upon the

foregoing proceedings and also upon instructions given and refused by the court. The errors are all grouped and argued by appellant in two groups.

We agree with respondent that the two questions really involved are these: First, Was it proper under the evidence to submit to the jury the question as to whether or not inquiry was made by appellant regarding title to the property at the time the policy was written? Second, Is Rem. Comp. Stat., § 7078 [P. C. § 2941], controlling herein?

[2] Appellant concedes that statement 10, embodied in the policy and heretofore quoted, comes within the category of a warranty or misrepresentation under the statute. The statute provides that no misrepresentation made in the negotiation of a contract or policy of insurance shall be deemed material or defeat or avoid the policy, unless such misrepresentation or warranty is made with the intent to deceive. Appellant contends, however, that the distinction between the false warranty and misrepresentation contained in statement 10 of the policy and paragraph "N" of the policy, which is a substantive part thereof and really a condition precedent to the attaching of the insurance, is at once apparent.

Three Massachussetts cases and two Washington cases are relied upon by appellant to sustain its contention. The Washington cases cited are *Neher v. Western Assurance Co.*, 40 Wash. 157, 82 Pac. 186, and *Smith Lumber & Shingle Co. v. Netherlands Fire & Life Ins. Co.*, 135 Wash. 547, 238 Pac. 565. Neither of the Washington cases applies. In fact, the *Neher* case is contrary to the contention of appellant. In that case it was held that the failure of the insurance company to make affirmative inquiry as to the status of the title to the property insured amounted to a waiver of a provision in the policy to the effect that it should be void

if the property be or become encumbered by a chattel mortgage.

In the case at bar, no written application was made, and if the testimony of the agent for respondent, who procured the insurance, was to be believed, no representations of any kind as to the condition of the title to the property were made by him on behalf of assured.

In the *Smith Lumber & Shingle Co.* case, *supra,* we held that, where the policy provided that a sprinkler system should be maintained and that the policy should be void in case a sprinkler system was not maintained, the failure of the assured to maintain it was a condition precedent in the policy and the policy was thereby voided. It is true that it was there contended that § 7078, *supra,* should apply and that that condition of the policy, unless made with intent to deceive, would not void the policy. But we held that it was something more than a mere representation or warranty, namely, a condition precedent embodied in the contract. It was, in truth, both a condition precedent and subsequent. The clause in the policy required the sprinkler apparatus to be then installed when the policy was issued and delivered, and required it to be maintained during the existence of the policy, and failure to maintain it would void the policy.

Regardless of the state of the law in Massachusetts, as shown by the decisions cited by appellant, it is well settled in this state that such a condition in a policy, or representation as contained in statement 10, are governed by § 7078, *supra. Robbins v. Milwaukee Mechanics Ins. Co.,* 102 Wash. 539, 173 Pac. 634; *Stebbins v. Westchester Fire Ins. Co.,* 115 Wash. 623, 197 Pac. 913; *Askey v. New York Life Ins. Co.,* 102 Wash. 27, 172 Pac. 887, L. R. A. 1918F 267; *Devenny v. Automobile Owners Inter-Insurance Ass'n.,* 124 Wash. 453,

214 Pac. 883; *Small v. Standard Accident Ins. Co.,* 144 Wash. 523, 258 Pac. 33.

Appellant also seeks to avoid the effect of some decisions in this state upon a similar clause as contained in paragraph "N" in this policy, upon the hypothesis that no question of false warranty or false representation is involved therein.

We held in *Gregerson v. Phenix Fire Ins. Co.,* 99 Wash. 639, 170 Pac. 331, L. R. A. 1918E 521, that where the clause reads:

" 'This entire policy, unless otherwise provided by agreement endorsed hereon, shall be void . . . if the subject of the insurance be a building on ground not owned by the insured in fee simple.' "

such clause constituted a warranty and not a condition precedent. We can see no distinction in effect between the clause in that case and paragraph "N" of the policy in this case. That case arose also after the enactment of the insurance code in this state establishing the New York standard insurance policy as the standard form, and it was contended that the provisions of the policy had the force of law and could not be avoided by any means, except those specifically prescribed in the policy. We held, however, that the usual rules applying to contracts would apply to such policies, and that such provisions could be waived, as had been established under former decisions.

[3] This court has always held, from the earliest times, that where no inquiry is made by the insurance company concerning the real title to the property involved, or where inquiry is made and truthful answers given by the applicant, which were not incorporated in the application or the policy, the sole and unconditional ownership clause of the policy is waived by the insurance company. *Hart v. Niagara Fire Ins. Co.,* 9 Wash. 620, 38 Pac. 213, 27 L. R. A. 86; *Dooley v. Hanover Fire*

*Ins. Co.,* 16 Wash. 155, 47 Pac. 507, 58 Am. St. 86; *Pioneer Savings & Loan Co. v. Providence Wash. Ins. Co.,* 17 Wash. 175, 49 Pac. 231, 38 L. R. A. 397; *Neher v. Western Assurance Co., supra; Gregerson v. Phenix Fire Ins. Co., supra.*

Upon both propositions involved herein, we consider the court properly instructed the jury, and that upon the facts and the law respondent was entitled to recover. The judgment is therefore affirmed.

MACKINTOSH, C. J., ASKREN, MAIN, and FULLERTON, JJ., concur.