# R. Freedman, Appellant, v. The Providence Washington Insurance Company.

*Insurance—Fire Insurance—Agent—Misrepresentations.*

In an action upon a policy of fire insurance the insurance company set up as a defense misrepresentations made by one S. who was alleged to be the agent of the insured. It is undisputed that the policy was procured from the insurance company on the representation by S. that plaintiff was a man, when the fact was that she was a married woman. The testimony showed that S. was an insurance broker, having no special relation to the defendant, but occasionally, through its regular agent, taking out policies in it for his customers whose risks he did not place in other companies which he personally represented. When he placed the insurance in question he was not defendant's agent, and had never been its agent, and was not acting at the suggestion of its regular agent. In soliciting the insurance he was pursuing his own business as a broker, and using his own judgment where to place the insurance which his customers authorized him to procure for them. *Held*, (1) that the evidence was sufficient to establish the fact that S. was the plaintiff's agent; (2) that there was such misrepresentation and fraud as would avoid the contract, and a verdict and judgment for the defendant should be sustained.

Argued March 16, 1897. Appeal, No. 63, Jan. T., 1897, by plaintiff, from judgment of C. P. Bradford Co., Sept. T., 1892, No. 633, on verdict for defendant. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL and DEAN, JJ. Affirmed.

Assumpsit on a policy of fire insurance.    Before DUNHAM, P. J.

The court charged as follows :

The action which you have been sworn to try is an action of assumpsit brought by R. Freedman against the Providence Washington Insurance Company of Providence, Rhode Island. It is founded upon an insurance policy issued by that company to R. Freedman upon his stock of goods in his store situated at Laceyville. [The evidence in this case as to the procuring of the insurance policy at the time it was procured, and the representation upon which it was procured from the company by its agent, is entirely uncontradicted, and therefore it is for the court to say to you that the evidence establishes the fact that when this insurance policy was procured from the Providence Washington Insurance Company it was procured upon the representation that R. Freedman was a man living in the borough of Athens and doing business there, when the fact is that R. Freedman was a married woman.   We say to you that this is such a fraud as vitiates this policy, and that your verdict must therefore be for the defendant, and we therefore direct you to render a verdict in favor of the defendant.]

Verdict and judgment for defendant.    Plaintiff appealed.

*Error assigned* was charge of the court as above quoting it.

*H. F. Maynard*, with him *Wm. Maxwell* and *I. N. Evans*, for appellant.—When a general agent in the due prosecution of the business of his principal employs another in a branch of the business, the acts of the subagent have the same effect as if done by the general agent.    In such cases the subagent becomes the agent and the direct representative of the principal : Riley v. Ins. Co., 110 Pa. 144; Nassauer v. Ins. Co., 109 Pa. 507; 2 Wood on Fire Ins. sec. 409; Davis v. Lamar Ins. Co., 18 Hun, 230; Indiana Ins. Co. v. Hartwell, 123 Ind. 177; Phœnix Ins. Co. v. Wachter, 20 Ins. L. J. 889; Bassell v. American Fire Ins. Co., 2 Hughes, 531; Lycoming Fire Ins. Co. v. Ward, 90 Ill. 545; Wood v. Firemen's Ins. Co., 126 Mass. 316; Partridge v. Commercial Fire Ins. Co., 17 Hun, 95.

*I. McPherson*, with him *E. Overton* and *E. J. Angle*, for appellee.—Sturdevant must be regarded as the agent of the assured in procuring the policy, and she is bound by the false representations which he made to procure it:  Walker & Kavanaugh v. The Lion Fire Ins. Co., 175 Pa. 345 ; Pottsville Mut. Ins. Co. v. Minnequa Springs Imp. Co., 100 Pa. 143 ; Hartford Fire Ins. Co. v. Reynolds, 36 Mich. 502 ; Standard Oil Co. v. Triumph Ins. Co., 64 N. Y. 85 ; May on Ins. sec. 123 ; Lycoming Fire Ins. Co. v. Ruben, 8 Chicago Leg. News, 150 ; Lenox v. Greenwich Ins. Co., 165 Pa. 572 ; Lebanon Mut. Ins. Co. v. Erb, 112 Pa. 149 ; How v. Union Mut. Life Ins. Co., 80 N. Y. 32 ; Allen v. German-American Ins. Co., 123 N. Y. 6 ; Freedman v. Providence Washington Ins. Co., 175 Pa. 350.

If under the evidence and provisions of the policy Sturdevant is to be regarded as the agent of the appellant, then of course the verdict was properly directed by the court below for the defendant: Freedman v. Fire Assn. of Phila., 168 Pa. 249 ; Mengel v. Ins. Co., 176 Pa. 280 ; Eister v. Paul, 54 Pa. 196 ; Angier v. Eaton, Cole & Burnham Co., 98 Pa. 594 ; D., L. & W. R. Co. v. Converse, 139 U. S. 469.

But conceding for the sake of the argument that Sturdevant was the agent of the company in procuring the policies from Darte, we still contend that the verdict was properly directed for the defendant under the evidence and facts as claimed by the appellant: Swan v. Watertown Fire Ins. Co., 96 Pa. 37 ; Smith v. Ins. Co., 24 Pa. 320 ; State Mut. Fire Ins. Co. v. Arthur, 30 Pa. 333 ; Pottsville Mut. Ins. Co. v. Fromm, 100 Pa. 355 ; Pottsville Mut. Ins. Co. v. Horan, 11 W. N. C. 201 ; Pottsville Mut. Ins. Co. v. Minnequa Springs Co., 100 Pa. 141 ; Zimmerman v. Farmers' Ins. Co., 76 Iowa, 352 ; Diffenbaugh v. Union Fire Ins. Co., 150 Pa. 270 ; 1 Biddle on Ins. sec. 578 ; Smith v. Ins. Co., 17 Pa. 253.

OPINION BY MR. JUSTICE MITCHELL, July 15, 1897 :

The learned judge below directed a verdict for defendant on the ground that the misrepresentation upon which the policy was procured was a fraud which avoided the contract.  In this he followed the law as settled in Freedman v. Fire Association, 168 Pa. 249.   The fact of such misrepresentation is undisputed, though as to whether Sturdevant knew it was untrue at the

time he made it, the evidence is conflicting. The correctness of the instruction therefore depends on the relation of Sturdevant to the parties. If he was the agent of defendant then there was a question for the jury whether he had been informed, or had notice, that R. Freedman was a married woman. But if he was the agent of plaintiff then his knowledge was immaterial, the plaintiff cannot avoid the responsibility of a misrepresentation by her own agent, whether made knowingly or not and at the same time claim a benefit arising from such misrepresentation.

An examination of the evidence shows that the learned judge was clearly right in holding Sturdevant to be the plaintiff's agent. His own testimony which is uncontradicted on this point, shows that Sturdevant was an insurance broker, having no special relation to the defendant company but occasionally taking out policies in it, through its regular agent, for his customers when he could not or did not wish to place their risks in the other companies which he personally represented. He was not at the time he procured this insurance, and had never been, an agent for the defendant, nor was he acting on this occasion in behalf or at the suggestion of the regular agent, Darte. On the contrary, in soliciting this insurance he was pursuing his own business as a broker and, as he says, using his own judgment where to place the insurance his customers authorized him to procure for them. The case was clearly in line with Pottsville Ins. Co. v. Minnequa Springs Co., 100 Pa. 137.

It is argued by appellant that the judge in taking the case away from the jury overlooked the decision of this court when the case was here before, 175 Pa. 350. But what was said there in regard to the knowledge of defendant that the insured was a married woman being a question for the jury was merely narrative, in distinguishing the case from one of the same name in 168 Pa. 249, and was based on the evidence as it then appeared to be. The opinion then proceeds to the subject of waiver, and states explicitly that that is the only question to be considered.

Judgment affirmed.