KETCHAM *v.* AMERICAN MUTUAL ACCIDENT ASSOCIATION.

| 117 | 521 |
|-----|-----|
| 126 | 168 |
| 117 | 521 |
| s76NW | 5 |
| 133 | 532 |
| 117 | 521 |
| 149 | 470 |
| e150 | 473 |

ACCIDENT INSURANCE—APPLICATION — WARRANTIES — KNOWLEDGE OF AGENT—WAIVER.

> An application for accident insurance provided that the insurance should not take effect until approved by the officers of the company, and that it should be based upon the statements contained in the application, which were warranted to be true. The policy issued thereon recited that it was in consideration of the warranties contained in the application, and that no waiver should be claimed by reason of any act of any agent unless authorized in writing by the president of the company. Certain material representations in the application, as to the past health of the applicant, were known by him to be untrue. *Held*, that the policy was avoided, notwithstanding the agent who solicited the insurance had approved of the statements in the application, with knowledge of all the facts.

Error to Kent; Adsit, J.   Submitted June 9, 1898. Decided July 12, 1898.

*Assumpsit* by Emily B. Ketcham against the American Mutual Accident Association on a policy of insurance. From a judgment for defendant on verdict directed by the court, plaintiff brings error.   Affirmed.

*Dwight Goss* ( *N. J. Brown*, of counsel ), for appellant.

*Boltwood & Boltwood* ( *M. C. Phillips*, of counsel ), for appellee.

MOORE, J.   The husband of the plaintiff was insured in the defendant company.   He accidently slipped and fell, resulting in injuries which disabled him for a time. This suit was brought upon the policy.   The circuit judge directed a verdict.   The plaintiff appealed.

A number of questions are raised by counsel, but the decision of one of them must end the case.   At the time Mr. Ketcham applied for insurance, he was 53 years old. He was a soldier, and while in the army was sick with typhoid fever, resulting in a partial paralysis of his hips and legs.   He had been lame so long, he was obliged to use a cane, but for the year preceding his application, though still lame, he got along without a cane.   He had suffered two sunstrokes, which, as expressed by him on the witness stand, "at the time affected my whole general nervous system, back, spine, head, and everything else."   At the time he made his application, he says he thought he had outgrown the effects of the sunstroke. His claim is, he was urged to insure in defendant company by its agent, who knew him well, and had known him for years.   The application was in writing, and was filled in by the assured.   Before writing the answers to the questions, Mr. Ketcham says he told the agent truthfully what his experiences had been, and the answers written in had the approval of the agent.   The application provided the insurance should not take effect until approved by the officers of the company; that the membership should be based upon the statements contained in the application, which were warranted to be true and complete, and that the applicant had not concealed anything material to be known to the association.   The certificate issued recites it is in consideration of the membership fee and the warranties and agreements contained in the application, and that no waiver shall be claimed by reason of any act or acts of any agents unless authorized in writing by the president of the association.   In the application were the three following questions, all of which were answered in the negative:

"1. Have you ever received a severe bodily injury? If so, of what nature?

"2. Have you ever had, or are you subject to, fits or any disorder of the brain or any mental infirmity?

"3. Have you ever had, or are you now suffering from, any bodily deformities, infirmities, hernia, wounds, or any disease?"

From what has already been said, it is evident these questions are material ones, and the answers made to them were not true. It is also perfectly apparent the officers of the association could not intelligently decide whether the risk was a desirable one, unless the questions were truthfully answered. It is urged that, as the agent knew the answers were not true, his knowledge was the knowledge of the company, and, having issued the policy, the company is bound. The courts have always been anxious to take care of the rights of the assured when the applicant has relied upon the agent informing the company what had been truthfully told to him about the character of the risk; but the courts never have said the company is bound by statements contained in an application, when not only the agent, but the assured, knows they are untrue, and calculated to deceive, and the application is to be forwarded to the company as the basis of its action. To so hold would put these organizations completely at the mercy of dishonest and unscrupulous agents. As soon as the defendant learned what the situation was, it returned the insurance money to Mr. Ketcham, and denied any liability under the policy. The court did right in directing a verdict for defendant. *Brown* v. *Insurance Co.*, 65 Mich. 306 (8 Am. St. Rep. 894); *Cook* v. *Insurance Co.*, 84 Mich. 12; *Michigan Mutual Life Ins. Co.* v. *Reed*, Id. 524 (13 L. R. A. 349); *Finch* v. *Modern Woodmen of America*, 113 Mich. 646.

Judgment is affirmed.

The other Justices concurred.