BONEWELL *v*. NORTH AMERICAN ACCIDENT INSURANCE
CO.

1. INSURANCE—ACCIDENT POLICY—FRAUD—WARRANTIES.

An application for insurance containing false representations invalidates a policy which refers to the statements of the application and contains a warranty that they are true, although the facts were correctly stated to the company's agent, who advised the assured as to the contents of his application, but had no authority to change the policy or waive any of its provisions.

2. SAME—MATERIALITY OF REPRESENTATIONS.

Warranties that the representations included in the application for insurance were true, may be embodied in the contract without regard to their materiality.

Error to Wayne; Murphy, J.   Submitted December 15, 1909.   (Docket No. 157.)   Decided March 5, 1910.

Assumpsit by William L. Bonewell against the North American Accident Insurance Company on a policy of insurance.   A judgment for defendant on a verdict directed by the court is reviewed by plaintiff on writ of error. Affirmed.

*Thomas A. Conlon,* for appellant.

*Henry C. Walters,* for appellee.

MONTGOMERY, C. J.   This is an action upon a policy issued by defendant company to the plaintiff based upon a written application.   The plaintiff during the life of the policy met with an accident, which, if the policy is enforced, entitles him to recover a substantial sum.   The defendant gave notice under the plea of the general issue that the plaintiff had stated in his application that he never had had an application for insurance declined, when, in fact, he had applied for a policy in the Iowa State Travel-

ing Men's Association and the application was refused; that the plaintiff stated that he had never received indemnity for any accident, when, in fact, he had received indemnities on two or three different occasions on account of two or three different accidents; that the plaintiff stated the duties of his occupation incorrectly; and that the plaintiff had taken out other insurance in the United States Casualty Company, notice of which was not given to the defendant.

The original policy was taken out in 1905, and was renewed in 1906. The original application contained the following statement:

"I agree to accept policy, issued on the company's faith in the truthfulness of the above statements, subject to all its conditions, agreements and schedule of warranties; understanding that insurance is not effective until this proposal is accepted by the secretary, and the first premium paid."

The first clause of the contract of insurance is worded as follows:

"In consideration of the premium, and of the agreements and statements in the schedule of warranties hereinafter contained, and made a material part hereof, which statements the insured makes on the acceptance of this policy, and warrants to be true (the company), does hereby insure," etc.

Another provision of the policy is that:

"An agent has no authority to change this policy or to waive any of its provisions, nor shall notice to any agent or knowledge of his, or of any other person, be held to effect a waiver or change in this policy or any part of it. * * * No change whatever in this policy and no waiver of its provisions shall be valid unless an endorsement is attached hereto, signed by the president or secretary of the company, expressing such change or waiver."

The original application contained the statement under clause 13:

"The following information is correct excepting as stated below. Note any exceptions. (A) I am not carry-

ing nor have I applied for any other accident or health insurance, and the company will be immediately advised by me if any such insurance is applied for.   *   *   *   (E) I have never had any application for insurance declined nor any accident or health insurance policy canceled or renewal refused.   (F) No indemnity for any accident, disease or sickness disability has ever been received or refused me."

This is followed by the agreement to accept the policy on the conditions just stated above.

The plaintiff offered testimony tending to show that, when this policy was issued, Wrock, Watson & Everhardt were acting as agents or brokers for the defendant company; that they acted through one Eastman, who was the State agent; and that the application was handed by them to Eastman, and by him forwarded to the home office in Chicago, and the policy there issued, based upon the application.   The policy, under the head of "Schedule of Warranties Made by the Insured on the Acceptance of This Policy," had the following underwritten:

"Other than as above stated, I have never received any injury or suffered from any disease or sickness of any character.   *   *   *   No application ever made by me for insurance has been declined and no accident or health policy issued to me has been canceled, or renewal refused, except as herein stated.   (None was stated.)
"I have never received nor been refused indemnity for any accident, disease or sickness, except as herein stated."

The policy, in the body of it, is made "subject to all the conditions herein stated and endorsed hereon."   Wrock & Watson, who had taken the original application of plaintiff, had become State agents, and a renewal of the policy was asked for and the amount of premium increased. The renewal receipt issued by the company contained the recital:

"Provided the statements and warranties in the original contract are true at this date, and that nothing has occurred or exists at this date to render the hazard greater or different from that shown in the said contract."

It would appear that, instead of issuing this duplicate receipt, a new policy to take the place of the old was forwarded, but this contained the provisions and warranties as to applications for insurance having been declined, and as to the assured having received indemnity from other companies.

The evidence shows that the authority of Wrock & Watson as State agents was limited to receiving applications and forwarding same to the home office. They themselves had no authority to issue policies. The claim of the plaintiff is that, when the original application was taken, he informed Messrs. Wrock & Watson that he had received indemnity in small sums from two other companies at different times, and also informed them as to the fact of his having been rejected by the Iowa State Traveling Men's Association, but that he was advised by them as to the first that it was not necessary to insert it in the application, and, as to the second, that it was equally unnecessary to insert it, because the Iowa State Traveling Men's Association was not really an insurance company. No reasonable claim can be made upon the record that the plaintiff did not know that these statements were in fact embodied in the application, and that they were untrue in fact. It was a case, therefore, in which he joined with the agents of the defendant, if they are to be so treated, in deceiving the company. They were not authorized to issue the policy. It was known, both to the plaintiff and to the agents, that the company would act upon the representations contained in the application. It was known to them when the policy was received that the company had acted upon this representation, and that the company understood that he had not received previous compensation for injuries, and that he had not been rejected by any other company.

These questions may or may not be of importance to insurance companies. They certainly have the right to make them material. In all lines of insurance the moral risk involved is regarded as of very great importance, and

it cannot be said that an insurance company has not the right by its contract to make the questions which are here adverted to essential. The circuit judge, in directing a verdict by the jury for the defendant, reached the correct result. We think the language of Mr. Justice MOORE, in *Ketcham* v. *Accident Ass'n*, 117 Mich. 521 (76 N. W. 5), is peculiarly applicable:

"The courts have always been anxious to take care of the rights of the assured when the applicant has relied upon the agent informing the company what had been truthfully told to him about the character of the risk; but the courts never have said the company is bound by statements contained in an application, when not only the agent, but the assured, knows they are untrue, and calculated to deceive, and the application is to be forwarded to the company as the basis of its action. To so hold would put these organizations completely at the mercy of dishonest and unscrupulous agents."

This case is quoted with approval by Mr. Justice OSTRANDER in *Haapa* v. *Insurance Co.*, 150 Mich. 467 (114 N. W. 380, 16 L. R. A. [N. S.] 1165, 121 Am. St. Rep. 627). See, also, *Metropolitan Life Ins. Co.* v. *Freedman*, 159 Mich. 114 (123 N. W. 547).

We think the circuit judge reached the correct conclusion, and the judgment will be affirmed.

OSTRANDER, MOORE, McALVAY, and BROOKE, JJ., concurred.