BONEWELL *v.* NORTH AMERICAN ACCIDENT INSURANCE CO.

1. INSURANCE—PRINCIPAL AND AGENT—BROKERS—FRAUD.

Insurance brokers having no authority to execute a policy, but merely being authorized to receive applications for health and accident insurance which they forwarded to the home office where the policy was issued, were not agents of the insurer in such a sense that notice to them of the falsity of statements contained in the application was notice to the insurer.[1]

2. SAME—ACCIDENT INSURANCE—WARRANTIES.

As in the case of life insurance, so in the case of accident insurance, the insured is required to know that representations set forth in a copy of the application contained in the policy were true.

3. SAME.

Nor was the insurer bound by knowledge obtained by its agents several months before the relation of principal and agent was created.

4. SAME—FRAUD—INTENT.

That representations contained in an application for a policy of insurance were not intentionally false does not obviate their effect; they amount to constructive fraud.

On rehearing.   Former opinion affirmed November 3, 1911.

BROOKE, J.   For former opinion, see 160 Mich. 137

------

[1] Effect of knowledge of insurer's agent of falsity of statements in application, see note in 16 L. R. A. 33.

(125 N. W. 59).   Plaintiff urged a rehearing upon the following grounds:

"(1) Because the decision of the court is based upon a misapprehension of the facts, as shown by the record; (2) because the decision of the court regarding notice to the agent being notice to the principal is not in accordance with the rule of law laid down by the court in similar cases; (3) because the court was misled by the brief and argument of counsel; (4) because the court's decision is based upon grounds of fraud on the part of the applicant and agents, Wrock & Watson, of defendant, and there is no fraud shown in the record, indicating that the facts in this case were confused with those of another; (5) because the decision of the court was based upon a misapprehension that the defendant company issued the policy upon the application as made by Wrock & Watson, when, in fact, the policy was issued upon the information given defendant by Eastman, its State agent."

With reference to the second ground urged, it should be noted that the rule which holds that notice to the agent is notice to the principal in insurance cases has, in this State, ordinarily been applied in cases arising under fire insurance policies, where the agent had authority to countersign and issue the policy, or where the insured was ignorant of or misled as to the misrepresentations contained in his application.   In the case at bar, neither Wrock & Watson, the brokers, nor Eastman, the State agent, had authority to issue policies.   The authority of the State agent was limited to taking the application and forwarding it to the home office in Chicago, where the policy was issued.   Nor can it be claimed that the plaintiff was ignorant of the fact that the application did not truthfully set out the answers which he had given to Wrock & Watson.   Upon cross-examination, he testified:

" Q. Did you know what was in the paper when you signed it?
"A. He read it over
"Q. To you?
"A. Yes, sir.
'Q. You are sure that Mr. Watson did this?

"*A.* He surely did, because there are things in there, technical points, that I don't know, and we just read it over together, if my memory serves me right, the same as any policy or any life insurance."

Neither the question touching the refusal of insurance to the applicant nor that relating to the receipt by him of indemnity for accident was technical in character.  Each called for a simple statement of fact within the knowledge of the applicant, and plaintiff was immediately advised of the erroneous statements by his perusal of the application before signature.  Moreover, the policy itself contained a " Schedule of Warranties," in which was included the false statements.

We have recently held in a case involving life insurance that, where a copy of the application was set out in the policy, it was the duty of the insured to know that the representations therein contained, and which constituted the inducement for the issuance of the policy, were true. *Metropolitan Life Ins. Co.* v. *Freedman,* 159 Mich. 114 (123 N. W. 547, 32 L. R. A. [N. S.] 298).  We can see no good reason for applying a different rule to accident insurance, where the policy is issued by the home office upon the representations contained in the application.

But in no event could the defendant company in the case at bar be bound by the knowledge of the facts possessed by Wrock & Watson, because, at the time the plaintiff communicated the information to them, they were acting as insurance brokers, and not as agents for defendant.  *McGrath* v. *Insurance Co.,* 88 App. Div. (N. Y.) 153 (84 N. Y. Supp. 374); *Grace* v. *Insurance Co.,* 109 U. S. 278 (3 Sup. Ct. 207); *Freedman* v. *Insurance Co.,* 182 Pa. 64 (37 Atl. 909).

It is urged by plaintiff, however, that defendant should be bound because, at the time of the renewal of his policy, Wrock & Watson were in fact State agents for the defendant.  We do not understand that it is claimed that the defendant would be held chargeable with knowledge of facts communicated to its agents several months before

the relation of principal and agent was established. The principal is bound only by such notice or knowledge as comes to the agent while he is agent. Mechem on Agency, § 719; *Houseman* v. *Building & Loan Ass'n*, 81 Pa. 262; *Roderick* v. *McMeekin*, 204 Ill. 638 (68 N. E. 473).

It is the position of the plaintiff, however, that at the time of the renewal of his policy Wrock & Watson (then being State agents for defendant) were again truthfully advised of the facts through his application for additional insurance. An examination of the application for insurance in the United States Casualty Company, made on that day, shows that it contains a warranty as follows:

" I have never had any application for accident insurance declined or acceptance postponed, and no company or association or order has ever canceled or refused to renew a policy or certificate for me, except as follows."

No exception is noted. This warranty misrepresented the fact in substantially the same language as did that contained in the application to the defendant company. It is not necessary to conclude that either plaintiff or Wrock & Watson were guilty of intentional fraudulent conduct. If the misrepresentations contained in the application tended to induce the issuance of a policy, which, had the facts been truthfully set forth, might not have been issued, those misrepresentations amount to constructive fraud upon defendant.

As stated in the opinion heretofore filed, the company had a right to make them material, and it did so.

A careful re-examination of the record and the authorities cited in the briefs of counsel has convinced us that the opinion of Mr. Justice Montgomery was not based upon any misapprehension of the facts, and that the legal conclusions are fully warranted by decisions of our own court, as well as by those of other jurisdictions.

The judgment stands affirmed.

Ostrander, C. J., and Bird, Steere, Moore, Mc-Alvay, Blair, and Stone, JJ., concurred.