[No. 17347. Department One. December 7, 1922.]

JOE A. EATON, *Respondent*, v. NATIONAL CASUALTY
COMPANY, *Appellant*.[1]

INSURANCE (83)—AVOIDANCE OF POLICY—APPLICATION—BREACH OF
WARRANTY—INTENT TO DECEIVE—KNOWLEDGE OF AGENT. Under Rem.
Comp. Stat., § 7078, providing that no misrepresentation or warranty
in an application for policy shall be deemed material unless made
with intent to deceive, a policy is not avoided by misstatements in
the application as to a previous injury, written by the agent, where
the insured answered fully and truthfully as to such injury, the
agent stating it was too remote and immaterial.

Appeal from a judgment of the superior court for
Clarke county, Simpson, J., entered November 8, 1921,
upon the verdict of a jury rendered in favor of the
plaintiff, in an action on an accident insurance policy.
Affirmed.

[1]Reported in 210 Pac. 779.

*Bates & Burnett* and *Henry C. Walters,* for appellant.

*Miller, Wilkinson & Miller,* for respondent.

Holcomb, J.—Respondent sued upon a policy of insurance issued to him by the appellant company, claiming compensation for total disability, at the contract rate of $100 per month, from May 29 to August 20, 1920, and for a period of six months from August 20, 1920, at the contract rate of $50 per month, for alleged partial disability, occasioned by an accident in a logging camp to him.

On a trial before a jury, the claim for $100 per month total disability compensation was excluded from the consideration of the jury, so that the verdict of the jury was returned solely for partial disability, which was awarded in the sum of $300.

Appellant moved for a new trial, and the trial court, being of the opinion that, under the evidence, respondent was not entitled to recover compensation after October 15, when he was able to resume his employment, granted a motion for a new trial unless respondent would agree to remit from the verdict the sum of $73.34. Respondent elected to remit that sum, and judgment was accordingly entered in his favor against appellant in the sum of $226.66.

On April 7, 1920, upon respondent's application, appellant issued the policy of accident insurance to him wherein it undertook to pay to respondent $100 per month for not to exceed 36 months against total loss of time, provided the accidental event immediately, continuously and wholly disabled defendant from the performance of any and every duty pertaining to his occupation. The policy also provided that, in the event the accidental injury only partially disabled the insured, or in the event of total disability not immedi-

ately following the injury but occurring within thirty days thereafter, the appellant would pay at the rate of $50 per month for not to exceed six consecutive months. The date of the injury was May 15, 1920.

Appellant defended the action upon the ground that respondent, in his application for the policy, suppressed and concealed from appellant substantial facts materially affecting the risk to be assumed by it, in this: that respondent was required to state in his application whether or not he had ever been disabled and whether he had ever received medical or surgical attention. Respondent answered each of these questions in the negative, whereas in fact he had previously sustained an injury to the limb which was injured on May 15, 1920, and in consequence thereof had been for a period of three weeks in a hospital at Yacolt, Washington, and had received medical attention therefor.

Respondent replied to the affirmative defense of appellant, alleging that he had made truthful answers to the questions propounded to him in the application, and that if his answers thereto were improperly recorded it was done by the soliciting agent of appellant, and that any suppression or concealment of the facts relating to the previous injury sustained by him was the act of the agent of appellant, and not the act of respondent.

On the trial, respondent testified that he received the policy within a few days after April 7, 1920, the date of its issue; that he read the policy, and that a copy of his application was contained in the policy received by him.

At the close of all of the testimony, appellant moved for a directed verdict in its favor, upon the ground that respondent, having received and read and examined the policy containing a copy of his application, was therefore informed of the erroneous answers

therein recorded in response to questions touching his previous disability, and that he, having failed to inform the company that the application was erroneous in those respects, must be held to have ratified the acts of the agent in improperly recording the answers, if such were done, and that he was therefore estopped to assert fraud on the part of the· agent of appellant, and had become bound by the statements contained in the application. The motion was denied.

There is only one assignment· of error on the part of appellant: That the court erred in refusing to direct a verdict in its favor at the close of the testimony.

It is probably true, as appellant contends, that the facts to be elucidated in the questions propounded to the insured in the application were material and pertinent to the risk by reason of the occupation in which respondent was engaged; but it is also true, as appellant concedes, and as was held in *Turner v. American Casualty Co.*, 69 Wash. 154, 124 Pac. 486, that a policy will not be held void nor the warranty clause in a policy held to have been breached for acts known to the agent before the application for the policy was signed, where the insured fully and truthfully related the facts to the solicitor and false answers were written in the application by the agent.

Here the testimony of respondent, in substance, was that, when asked if he had ever been hurt,· anything like that, he answered, yes, and was in a hospital about three weeks, and told the agent when; that the agent said that did not make any difference that far back; that the agent asked him how he got hurt, and respondent told him he was jumping from one log to another, and the brake was loose and gave way, and as respondent had calked shoes on he bumped his knee against them and was laid up about three weeks in a hospital;

that the agent did not ask who attended him, but respondent told the agent that a doctor at Yacolt attended him, and that the accident and injury occurred back in 1914, mentioning a time known as the "big snow," but that the agent repeated that that was too far back and did not make any difference.

Since our statute provides in effect that it is immaterial whether or not answers are false unless made with the intention to deceive, we have uniformly held since the case of *Turner v. American Casualty Co., supra,* that each such case is to be determined according to the facts in, that case, and where there is any question of fact as to whether false answers were made, and, if so, were made with intent to deceive, that is a question of fact to be determined by the triers of the facts.

Thus in *Brigham v. Mutual Life Ins. Co.,* 95 Wash. 196, 163 Pac. 380, it was held that misrepresentations as to previous illness and physicians consulted, made by an applicant for life insurance, will not vitiate the policy under Rem. Code, § 6059-34 [Rem. Comp. Stat., § 7078], providing that no misrepresentation of warranty in the negotiations for a contract shall be deemed material and defeat the policy unless it was made with intent to deceive; it being necessary to prove intent. It was so held also in *Quinn v. Mutual Life Ins. Co.,* 91 Wash. 543, 158 Pac. 82, in which case certain answers were made which were known to be false, and which this court held could not have been made otherwise than with intent to deceive. Further, in *Askey v. New York Life Ins. Co.,* 102 Wash. 27, 172 Pac. 887, L. R. A. 1918F 267, it was held that misrepresentations as to previous illness by an applicant for life insurance will not vitiate the policy under Rem, Code, § 6059-34, *supra,* providing that no misrepresentations shall be deemed material or defeat a policy unless it was made

with intent to deceive; it being necessary to prove intent.

The same was held in *Day v. St. Paul Fire & Marine Ins. Co.*, 111 Wash. 49, 189 Pac. 95, although in that case we held that misrepresentations as to the year of manufacture and model of an automobile could not have been otherwise than made with intent to deceive by the owner thereof, who must have known of the falsity of the statements made concerning the same.

So the rule is not the same here as in other states from which authorities are cited by appellant, as, for instance, Michigan. *Metropolitan Life Ins. Co. v. Freedman*, 159 Mich. 114, 123 N. W. 547, 32 L. R. A. (N. S.) 298; *Ketcham v. American Mut. Acc. Ass'n*, 117 Mich. 521, 76 N. W. 5; *Bonewell v. North American Acc. Ins. Co.*, 160 Mich. 137, 125 N. W. 59, and the same case in 167 Mich. 274, 132 N. W. 1067, Ann. Cas. 1913A 847.

In the last cited case, in the first opinion, it was stated that:

"No reasonable claim can be made upon the record that the plaintiff did not know that these statements were in fact embodied in the application, and that they were untrue in fact. It was a case, therefore, in which he joined with the agents of the defendant, if they can be so treated, in deceiving the company. They were not authorized to issue the policy. It was known both to the plaintiff and to the agents that the company would act upon the representations contained in the application."

No such facts are shown in this case, in the first place, and in the next place, in that case upon rehearing, 167 Mich. 274, 132 N. W. 1067, the court adopted the broad principle which it had adopted in another case above cited, that it was the duty of the insured to know that the representations therein contained and which constituted the cause of the issuance of the policy were

true as set forth in the application.   The same rule seems to be in existence in Maryland.   *Globe Reserve Mut. Life Ins. Co. v. Duffy,* 76 Md. 293, 25 Atl. 227.

That is not the rule here, but is as stated in the cases heretofore cited from this court.

The judgment is therefore affirmed.

PARKER, C. J., BRIDGES, and MITCHELL, JJ., concur.