[No. 17800. Department One. September 17, 1923.]

R. B. HAYES, *Respondent*, v. AUTOMOBILE INSURANCE EXCHANGE, *Appellant*.[1]

INSURANCE (72)—AVOIDANCE OF POLICY—APPLICATION—BREACH OF WARRANTY — INTENT TO DECEIVE — KNOWLEDGE OF APPLICANT. There can be no recovery on the policy where an application for automobile insurance contained statements which assured knew to be untrue, the policy provided that the assured warranted the statements, which were relied upon by the company; and it is no excuse that assured did not read the policy.

SAME (72, 176)—BREACH OF WARRANTY—KNOWLEDGE OF APPLICANT —INTENT TO DECEIVE—BURDEN OF PROOF. Where assured made statements in an application for automobile insurance which he knew to be untrue, the burden rests upon him to show that they were not made with intent to deceive, and failing to satisfy such burden, he cannot claim the benefit of Rem. Comp. Stat., § 7078.

Appeal from a judgment of the superior court for King county, Davidson, J., entered October 4, 1922, upon the verdict of a jury rendered in favor of the plaintiff, in an action on an automobile insurance policy. Reversed.

*Van Dyke & Thomas,* for appellant.

*Tucker & Hyland (Ford Q. Elvidge,* of counsel), for respondent.

MACKINTOSH, J.—This is an action on a policy of insurance issued to the respondent by the appellant to cover an automobile, subsequently damaged by fire. The appellant defended on the ground that warranties made by the respondent had been breached and that it was therefore not liable. The contention of the respondent is that he is not responsible for the making of the warranties. Assuming the respondent's version of the facts, they are that he sought the insurance by

[1]Reported in 218 Pac. 252.

signing a blank application, and that the appellant's agent, without his knowledge, filled in the statements which were untrue, in this: that the automobile had not been in a wreck prior to the application; that another company had not cancelled or refused insurance on the automobile; that there existed no unmentioned incumbrance on the automobile. After the application was made, the policy was issued, and in it there is contained the application in full, showing the false statements and preceded by the express provision that "by the acceptance of this policy . . . the assured makes and warrants to be true each of the following statements, and the exchange hereby issues the policy relying upon the truth thereof." The respondent received the policy, but says he did not read it.

Whether he read it or not is immaterial. It was his duty to read it, and the law says that he did read it. It showed statements which he knew were untrue and without which he could not have obtained the insurance. It becomes immaterial whether or not originally in the application the blanks were filled in by the appellant's agent without the respondent's knowledge; in effect, they were the respondent's own statements when he received the policy containing the instruction "Read your policy" and retained it. Those cases holding the company responsible for false statements written by its agent without the assured's knowledge do not go to the extent of relieving the assured when he has not acted in good faith, and good faith is negatived here by the respondent's failure to call attention to the falsities when they appeared in the body of the policy itself.

Nor does the case fall within that other rule that the assured is not responsible where the company's agent has advised him that the statements are proper ones

to make. In *Eaton v. National Casualty Co.*, 122 Wash. 477, 210 Pac. 779, the agent incorrectly recorded truthful answers given by the assured, and, moreover, the agent advised the assured that correct answers were not necessary under the circumstances, and the assured then accepted the policy, relying on the agent's advice. In that case the company would not be held to have been misled, and there was, furthermore, a clear lack of intent on the part of the assured to deceive it. These facts distinguish the case from the one at bar.

If the assured is not chargeable with the falsity of the statements if not made with intent to deceive (§ 7078, Rem. Comp. Stat.) [P. C. § 2941], still, here the statements were made with knowledge of their untruth, and the burden is on the assured to establish innocent intent. This he cannot do by simply remaining silent. *Quinn v. Mutual Life Ins. Co.*, 91 Wash. 543, 158 Pac. 82; *Day v. St. Paul Fire & Marine Ins. Co.*, 111 Wash. 49, 189 Pac. 95; *Devenny v. Automobile Owners Inter-Insurance Association*, 124 Wash. 453, 214 Pac. 833.

The respondent should have been nonsuited. Judgment reversed.

MAIN, C. J., BRIDGES, HOLCOMB, and MITCHELL, JJ., concur.