[No. 36518. Department One. March 14, 1963.]

ARNOLD W. FOX *et al.*, *Respondents*, v. BANKERS LIFE & CASUALTY CO., *Appellant.*\*

*McGregor, Halstead & Sheeran*, for appellant.

*Horton & Wilkins*, by *Hugh B. Horton*, for respondents.

\*Reported in 379 P. (2d) 724.

ROSELLINI, J.—In this action, the plaintiffs sought recovery of certain medical, surgical, and hospital expenses under the terms of insurance policies issued to them by the defendant. Their suit was resisted on the grounds that the insurance policies had been obtained through false representations and that the policies had been rescinded by agreement of the parties.

The jury found in favor of the plaintiffs on the first ground, and the court ruled that there had been no rescission. Judgment for the plaintiffs was entered accordingly.

On appeal, the defendant has set forth a number of assignments of error, but they are not argued separately, and some are not supported by legal arguments of any kind. We will deal only with the contentions which are supported by arguments in the brief.

The first of these is, in substance, that the court should have ruled, as a matter of law, that the contracts of insurance were rendered void by the fact that the plaintiff Arnold Fox, in making application for them, misrepresented his past medical history. The application forms showed that the plaintiff had suffered an accident (termed on one form a "minor" accident) in 1958, in the course of his work as a construction man, had been hospitalized 7 days, and had been operated upon by Dr. Stevenson of Yakima. At the trial, his medical history was introduced and showed that he had suffered previous back trouble and that the operation was for a herniated disc. The testimony of the defendant's agent was that, if the nature of the operation had been revealed, a rider would have been attached to the policy excluding spinal troubles.

According to the testimony of Arnold Fox, he had told the agent the nature of his injuries, that he had been put in traction, and that the operation was performed upon his back. In the application, the company was authorized to secure his medical history from Dr. Stevenson. This was not done until after Mr. Fox suffered another accident in the course of his employment, was hospitalized and underwent another spinal operation, and filed a claim for reimbursement for his expenses.

RCW 48.18.090 (2) provides:

"In any application for life or disability insurance made in writing by the insured, all statements therein made by the insured shall, in the absence of fraud, be deemed representations and not warranties. The falsity of any such statement shall not bar the right to recovery under the contract unless such false statement was made with actual intent to deceive or unless it materially affected either the acceptance of the risk or the hazard assumed by the insurer."

The defendant contends that even though the plaintiffs may have demonstrated to the jury that there was no actual intent to deceive, their right to recover is barred because the falsity of statements made materially affected both the acceptance of the risk and the hazard assumed by the defendant.

■ However, in a case of this kind, it is the settled rule recently reaffirmed in *American Fidelity & Cas. Co. v. Backstrom*, 47 Wn. (2d) 77, 287 P. (2d) 124, that a warranty clause in a policy of insurance will not be held breached for a cause known to the agent before the application was signed. The underlying principle in cases of this sort is that the knowledge of the agent is the knowledge of the principal, without regard to whether the agent communicates the facts to it.

As the rule is stated in the leading case of *Turner v. American Cas. Co.*, 69 Wash. 154, 124 Pac. 486, a policy will not be held void, nor will a warranty clause in a policy be held to have been breached, for a cause known to the agent before the application for the policy was signed, where the insured fully and truthfully related the facts to the solicitor, and false answers were written in the application by him. *Eaton v. National Cas. Co.*, 122 Wash. 477, 210 Pac. 779 is in accord.

If the rule applies to a warranty, it applies alike to a representation. In the applications signed by Mr. Fox, there were no false statements, but the statements did not reveal all of his history. His testimony was that this history, at least so much of it as was necessary to reveal the pertinent fact in which the defendant was interested, was disclosed

to the agent. Furthermore, the facts contained in the statement were sufficient to put the defendant on notice that a back injury may have been involved.

The agent denied that Mr. Fox had disclosed the nature of the operation which he had undergone, but he admitted that he could not remember the conversation very well. Upon this conflicting testimony, the trial court properly submitted the issue to the jury, which found that there had been no material misrepresentations. We see no reason to upset that finding.

The defendant contends also that the action cannot be maintained because there was an agreed cancellation of the policy. The evidence showed, however, that there was no agreement of the parties, but the cancellation was the unilateral act of the defendant, which sent its agent to see Mr. Fox with a release form and a check for premiums paid. The agent told him that the policy had been canceled because of the inaccuracy of the medical history. This was after Mr. Fox had submitted his claim. His rights under the policy had matured, but he was ignorant of the fact and signed the rescission. He did not cash the check which was left with him but consulted an attorney, and this action followed almost immediately thereafter.

As the rule is stated in 45 C.J.S. 70, § 444 b., to effect a cancellation of an insurance policy by mutual consent there must be a meeting of the minds, or mutual assent, and each party must act with knowledge of the material facts. Here, there was no attempt to reach a mutual understanding, but the cancellation was presented to Mr. Fox as an accomplished act. This cancellation was not according to the contract or statutory authority, and the trial court correctly held that it did not constitute a defense to the action.

There is some contention made that the plaintiffs failed to prove that the medical, surgical, and hospital expenses were necessary because there was no medical testimony to that effect. The policy provided that payment of claims would be made upon written proof of loss. There was no requirement that the insured should prove his loss

by medical testimony. In the case of *Lesicich v. North River Ins. Co.*, 191 Wash. 305, 71 P. (2d) 35, this court recognized that there is a distinction between an insurance claim and a personal injury action. In that case, the plaintiff had suffered damage to her fishing vessel, and the defendant contended that, on trial of the action, she had failed to prove the reasonable value of the repairs. We held that the plaintiff was entitled to recover her actual expenses, there being no showing that they were exorbitant or unreasonable.

While the case does not concern proof of medical expenses, the reasoning applies as much to a health and accident insurance policy as to a marine insurance policy. The insurer, for a consideration, agrees to pay the expenses necessarily and actually incurred by the insured, and agrees to pay them upon receipt of written proof of loss. This is the contract of the parties. If the insurer thinks the amount claimed is more than was necessarily and actually incurred, it is incumbent upon it to demonstrate that fact. There was no attempt to do so in this instance. Presumptively, therefore, the amounts claimed were necessary expenses and the jury could so find.

The judgment is affirmed.

OTT, C. J., FINLEY, HUNTER, and HALE, JJ., concur.