379 P.2d 1024

TEMPERANCE INSURANCE EXCHANGE,
a corporation, Plaintiff-Appellant,

v.

Max J. COBURN, Commercial Credit Corporation, a corporation, and Deverl C. Baxter, Individually, and Deverl C. Baxter, as Guardian ad litem of Cleone Baxter, Radele Baxter and Sheldon Baxter, Defendants-Respondents.

No. 9193.

Supreme Court of Idaho.

April 17, 1963.

McDevitt & McDevitt, Pocatello, for appellant.

Black & Black, Pocatello, for respondent Coburn.

Baum & Peterson, Pocatello, for respondents Baxters.

**478**

McQUADE, Justice.

Respondents' petitions for rehearing are based upon two contentions. First, it is claimed that the cases cited in the opinion in support of the contention that "proof of financial responsibility is required after the happening of an accident of the type contemplated by the Act and not prior thereto or in anticipation thereof," are inapplicable to this case because the statutes upon which those decisions were based are "entirely different from the Idaho Financial Responsibility Statutes." With regard to this contention, respondents state:

"Its statute [New York] requires evidence of financial responsibility after the first accident as does the Kentucky statute. The New York statute was passed for the purpose of protecting the public and requiring insurance in cases where the operators have previously shown themselves to be financially irresponsible. The difference between our statute and the Kentucky or New York statutes is evident, and the Court should not have held our statute inapplicable and base its decision upon cases construing statutes that are entirely different."

■ No reference is made to any particular section of the Kentucky or New York statutes in support of respondents' contention that these statutes are "entirely different" from the Idaho Financial Responsibility Statutes. A review of the Kentucky and New York Statutes fails to disclose the difference contended for by respondents. See Kentucky Revised Statutes, 1944, §§ 187.010–187.990, pp. 1505–1513; Laws of New York, 1929, c. 695, pp. 1636–1645; Laws of New York, 1931, c. 669, pp. 1468–1480. Rather, these statutes are strikingly similar to our Idaho Financial Responsibility Statutes in that each provides that upon the happening of an accident a designated state official may require, as a condition precedent to the right of the person involved in the accident to operate a motor vehicle upon the highways of that state, proof of his financial responsibility.

Condition No. 6 of the insurance agreement between appellant and Coburn refers to the Financial Responsibility laws which may become a part of the contract. Condition No. 6 provides as follows:

"Such insurance as is afforded by this policy for bodily injury liability or property damage liability shall comply with the provisions of the motor vehicle financial responsibility law of any state or province which shall be applicable with respect to any such liability arising out of the ownership * * * or use of the automobile during the policy period, * * *."

In Travelers Ins. Co. v. Boyd, 312 Ky. 527, 228 S.W.2d 421, interpretation of a

similar provision was considered. Therein, that court stated:

"Condition No. 7 of the policy here involved provides that such insurance as is afforded by the policy shall comply with the provisions of the motor vehicle financial responsibility law of any state 'which shall be applicable.' As we construe this, it means that if such law is not by its terms applicable, then other provisions of the policy govern.

"Since the present policy was not executed by the parties in accordance with or to meet the terms of the 1936 act or for the purposes thereof, the statute can have no bearing in this case."

■ Respondents complain that the opinion of the Court misstated the evidence. In this respect the following statement is challenged:

"The record in the instant case is devoid of any showing that appellant undertook to provide proof of financial responsibility as required by law through the issuance of the policy here in question. The contrary appears to be the case, for the evidence is uncontradicted that appellant was unaware of the prior accident."

Respondents refer to testimony of Coburn wherein he states that information of another accident was conveyed to Mrs. Hart, but that after some discussion they decided not to "put" it down on the application. This evidence is discussed generally in the opinion and authorities discussing liability under such circumstances are cited. Respondents do not discuss the reasons why they assert appellant would have knowledge of the prior accident. Therefore, we may assume that they are relying upon the rule that knowledge of an agent is imputed to the principal.

As applied to this case, the rule has been discussed in Robbins v. New York Life Ins. Co., 18 Tenn.App. 70, 72 S.W.2d 788,

"It is a familiar rule that knowledge possessed by the insurance agent of the insured's true condition at the time of the application is imputable to the company; but it is an exception to this rule that, where the insured knowingly permits the application containing material misrepresentations to be presented by the subordinate agent to the insurer's officers under circumstances which the insured knows negative probability that the facts will be revealed, the policy must be voided. Scott v. National Life & Accident Insurance Co., 16 Tenn.App. 31, 64 S.W. (2d) 53; 37 C.J. 530; 4 Couch on Insurance, pp. 2777, 3050. In such a case the insured is deemed a party to the fraud and will not be permitted to take advantage of his own wrong. We may

**480**

here call attention to the following statement in the opinion in Mutual Life Insurance Co. v. Hilton-Green, 241 U.S. 613, 36 S.Ct. 676, 680, 60 L.Ed. 1202, in which it was said:

" 'The general rule which imputes an agent's knowledge to the principal is well established. The underlying reason for it is that an innocent third party may properly presume the agent will perform his duty and report all facts which affect the principal's interest. But this general rule does not apply when the third party knows there is no foundation for the ordinary presumption,—when he is acquainted with circumstances plainly indicating that the agent will not advise his principal. The rule is intended to protect those who exercise good faith, and not as a shield for unfair dealing.' "

See also National Life & Accident Ins. Co. v. Atwood, 29 Tenn.App. 141, 194 S.W.2d 350; Ketcham v. American Mut. Acc. Ass'n, 117 Mich. 521, 76 N.W. 5.

The evidence relating to the execution of the application in this case warrants the conclusion that appellant had no knowledge of a prior accident.

The petitions for rehearing are denied.

KNUDSON, C. J., and McFADDEN, TAYLOR and SMITH, JJ., concur.