490 P.2d 895

Luella S. COLLINS, Plaintiff and
Respondent,

v.

FIREMAN'S FUND INDEMNITY COM-
PANY, Defendant and Appellant.

NEVADA NATIONAL BANK, Executor, Es-
tate of Clyde E. Collins, Deceased,
Intervenor,

v.

FIREMAN'S FUND INDEMNITY COMPA-
NY, Defendant and Appellant.

No. 12332.

Supreme Court of Utah.

Nov. 19, 1971.

Jay E. Jensen, of Christensen & Jensen,
Salt Lake City, for defendant-appellant.

Lorin N. Pace, Salt Lake City, for plain-
tiff-respondent.

TUCKETT, Justice:

The plaintiff commenced these proceed-
ings in the court below seeking to recover
as beneficiary under an insurance policy
issued to her husband. The District Court
entered judgment for the plaintiff, and the
defendant here is seeking a reversal.

The parties hereto stipulated the evidence
in the District Court and the record reveals
the following pertinent facts: On February
1, 1955, the defendant issued its accident
policy to Clyde E. Collins for a term of
12 months. The policy was renewable at
the end of each 12 months at the option of
the defendant and upon payment of the re-
newal premium prior to the expiration of
a 31-day grace period. The insured desig-
nated the plaintiff as beneficiary. The
policy was renewed annually for a period
of ten years. On or about March 1, 1965,
notice was sent to the insured requiring the

payment of the annual premium and the signing of a certain form enclosed which is referred to in the defendant's brief as an application form; however, it would appear that the form was in fact a rider which excluded coverage for loss resulting from arthritis or rheumatism. The insured forwarded his check on or about March 23, 1965, for the annual premium. The payment was received and retained by the defendant until April 20, 1965, when the company returned the premium together with a letter which notified the insured that the policy was lapsed as of February 9, 1965. The insured retained the company's check until May 24, 1965, when he cashed the same. The insured was killed in an automobile accident on May 28, 1965.

The trial court found that the policy was reinstated in accordance with its terms by the acceptance of the insured's payment of the annual premium on March 23, 1965. The court further concluded that the policy could not be terminated without agreement of the parties. The court further found that the defendant's notice that the policy had been lapsed was a misrepresentation on the part of the defendant and was ineffective to terminate the policy even though the defendant's check had been received and cashed by the insured.[1]

It appears that the defendant went beyond the terms of the insurance policy when it attempted to exclude certain coverage of benefits, which exclusion was not within the terms of the policy. While the defendant might well have lapsed the policy by reason of the failure of the insured to pay the premium within the time specified in the policy, nevertheless it chose to accept the premium, and its later act in attempting to lapse the policy was ineffective.

We find no error in the decision of the court below and the same is affirmed. Respondent is entitled to costs.

CALLISTER, C. J., and HENRIOD, ELLETT and CROCKETT, JJ., concur.

1. Klanian v. New York Life Ins. Co., 68 R.I. 126, 26 A.2d 608, 152 A.L.R. 87; Penn. Mut. Life Ins. Co. v. Ashton (C. C.A. 10th), 93 F.2d 565; McLaughlin v. Northern Life Ins., 28 Cal.App.2d 425, 82 P.2d 725; Lewis v. Snake River Mutual Fire Ins. Co., 82 Idaho 329, 353 P.2d 648; Fox v. Bankers Life & Cas. Co., 61 Wash.2d 636, 379 P.2d 724.